The State vs. Russell.

THE STATE vs. RUSSELL.

*October 3 — October 25, 1892.*

CRIMINAL LAW AND PRACTICE. *(1) Counsel to assist district attorney. (2) Misconduct of district attorney: Disqualification.*

1. The "counsel" appointed under sec. 752a, S. & B. Ann. Stats., to assist the district attorney in a prosecution for a felony, must be a member of the bar of this state. The appointment of a resident and attorney of another state, and his participation in the prosecution, constituted a material error.

2. Where, by false pretenses, the district attorney induced a person accused of murder to impart to a person employed by him information prejudicial to her defense, she supposing that she was making a confidential communication to be conveyed to her own attorney, the district attorney thereby became disqualified to act as such in the case; and where he did so act thereafter, a conviction should be set aside.

REPORTED from the Circuit Court for *Eau Claire* County. The facts are stated in the opinion.

For the plaintiff there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by the *Attorney General*.

*V. W. James*, attorney, and *J. V. Quarles*, of counsel, for the defendant.

ORTON, J. The defendant was tried and convicted of the crime of murder in the first degree, for the killing of one Bertha Erickson by means of poison, in the circuit court of the county of Eau Claire. The case comes to this

The State vs. Russell.

court under sec. 4721, R. S., on the report of the circuit
court of certain questions of law, which, in the opinion of
the judge of said court, are so important or so doubtful as
to require the decision of this court. It does not appear
that the matters of the second, sixth, and seventh ques-
tions either prejudiced the rights of the defendant or af-
fected the verdict. Those three questions are therefore
immaterial, and will not be answered.

The first question is as follows: "The district attorney
of Eau Claire county having asked the court to appoint W.
W. Erwin, a resident of the city of St. Paul, Minnesota, as
counsel to assist said district attorney in the trial of this
cause, and objection having been duly taken and entered
by the counsel for the prisoner to such appointment, on
the ground, as the fact is, that said Erwin was not a resi-
dent of the state of Wisconsin, and was not and is not a
member of the Wisconsin bar, was it error for the court to
make an order authorizing said Erwin to assist as counsel
in the prosecution of said cause, the charge made against
the accused by the information being murder in the first
degree? And said Erwin having participated in the trial for
the prosecution, and having examined the witnesses for the
state, and having cross-examined the witnesses for the de-
fense, and having taken the leading part in said trial and
practically controlled the management of said cause on
the part of the state, having taken no oath either as an
attorney or any officer within this state, exception having
been duly taken by counsel for the prisoner to the partici-
pation of said Erwin therein, was it error for the court to
permit said Erwin to so participate in such trial, and has
the defendant been prejudiced thereby?".

It is understood that the said Erwin was a distinguished
criminal lawyer of St. Paul, of great learning and experi-
ence. Sec. 752a, S. & B. Ann. Stats., provides that "the
circuit judges, within their respective circuits, are hereby

The State vs. Russell.

authorized, in their discretion, to appoint *counsel* to assist the district attorney in the prosecution of persons charged with crime, in all cases where the crime charged is punishable by imprisonment in the state prison." The word " counsel " in this statute no doubt means " the ' counselor ' who is associated in the management of a particular cause, or who acts as the legal adviser in reference to any matter requiring legal knowledge and judgment." Bouv. Law Dict. tit. COUNSEL. It is generally used ." of counsel " in a particular case, to distinguish him from the attorney of record; or as the office means in the supreme court of the United States, and in the English practice, he is a counselor at law, in contradistinction to an attorney at law. The counselor conducts the trial and presents the law, while the attorney carries on the practical and formal parts of the suit. 1 Kent, Comm. 307. In the states where these distinctions are disregarded, the one who acts as counsel, or of counsel, is supposed to have superior knowledge and experience in the law and ability to advise in the conduct of the causes. The counselor is a lawyer of the highest dignity. The law says that the court is authorized to appoint counsel " to *assist* the district attorney " in cases where he needs assistance. It is at least self-evident that such an assistant must be, first, an admitted lawyer or an attorney at law. The attorney general contends that the district attorney himself need not be an admitted lawyer in this state, and that the law does not require it. There .is no statute that requires the attorney general to be a lawyer, or the judges of this court to be lawyers. Such a qualification is inherent in the very office itself, and required by the duties to be performed by him. The prosecutor of the pleas of the state is here called the " district *attorney.*" To be a district *attorney*, he must be a lawyer. He is not an attorney in fact. He must be an attorney at law. The name of the officer implies it. He is the at-

torney of the state in a certain *district*, to distinguish him from an attorney *general*. When there is no district attorney, or he shall be absent, or has been employed, etc., the court may appoint some suitable person to perform the duties, and he shall have all the powers of such district attorney. Sec. 750, R. S. Could the court appoint a citizen and resident of another state to perform the duties and to have all the powers of a district attorney of this state? Certainly not, any more than the people could elect such a person to the office of district attorney. Neither our laws nor courts recognize any attorneys at law but those of this state, except by special rule of comity or *ex gratia*. Attorneys must take our constitutional oath, and district attorneys must also give a bond. All others are strangers to our laws and in our courts.

But it is plain enough that the assistant counsel of our district attorneys must be attorneys at law, and, if so, they must be of this state. The said Erwin was an attorney of the state of Minnesota, and not an attorney of this state. If he could be appointed counsel to the district attorney of Eau Claire county, so could an attorney of the city of Boston, or of the city of London, for they are all alike *foreign* attorneys. Our district attorneys are responsible to our people and to our courts, but foreign attorneys are not.

This question was practically settled in *In re Mosness*, 39 Wis. 509. The learned Chief Justice Ryan said: "The bar is no unimportant part of the court, and its members are officers of the court. . . . The general business of the state within the state, executive, legislative, or judicial, must be performed by citizens or denizens of the state, and the officers charged with it must be resident in the state. . . . But, for all functions within the jurisdiction of the courts, their officers must be residents of the state. . . . It would be an anomaly, dangerous to the safe administration of justice, that the office should

The State vs. Russell.

be filled by persons residing beyond the jurisdiction of the court, and practically not subject to its authority." A foreign counsel may, by special favor, be permitted to appear for his clients in our courts. But he cannot be permitted to assist in discharging the duties and performing the functions of the office of district attorney. This state is not his client. "The public prosecutor is a *quasi* judicial · officer, retained by the public for prosecution of persons accused of crime, in the exercise of a sound discretion to distinguish between the guilty and innocent. . . . He is trusted with a broad official discretion, generally subject, however, to judicial control." *Wight v. Rindskopf*, 43 Wis. 354. If Mr. Erwin could have lawfully been appointed as counsel to assist the district attorney in the prosecution of the defendant for this highest of crimes, it was perfectly proper that he should take the management of the case, as he did, examine and cross-examine the witnesses, and be the adviser of the district attorney. He ought to have at least the qualifications of that officer. *Comm. v. Gibbs*, 4 Gray, 146; *Sneed v. People*, 38 Mich. 248. In *People ex rel. Hughes v. May*, 3 Mich. 598, it is held that no person not previously admitted to the bar is eligible to the office of prosecuting attorney, without any special statute to that effect, and that it is implied in his name of office; and that the person appointed as his assistant must have the same qualifications. It was very proper for the legislature to repeal the act requiring such a qualification for a district attorney, for it implied that previously he was not required to be an attorney at law. By his very name he is an "attorney," and such is the universal sense of the courts, the bar, and the people. The person appointed to assist or to take the place of the district attorney is called "counsel," — counselor at law. As we have seen, he must be an admitted lawyer by his very name of "counsel." We hold, therefore, that the person appointed

to assist the district attorney in the prosecution of a crime punishable in the state prison must be a member of the bar of this state, and that the said W. W. Erwin was not eligible to such a position in this case.

That part of the question, whether the defendant was prejudiced by such an appointment, is already answered. She certainly had a right to be prosecuted by the lawfully elected or appointed officers of the law. That right was violated. She ought not to have been compelled to submit to such a trial. She has suffered all the terrible consequences of an illegal trial and conviction for murder in the first degree. She was, of course, prejudiced by it. The error is material. We answer the first question, therefore, in the affirmative.

The third question is as follows: "Where the district attorney, immediately after the accused was placed in jail after her arrest, employs a person to enter the jail and represent himself as sent by her attorney to obtain the facts relating to her defense, to convey them to an attorney to be employed for her in Chicago, and the district attorney, representing himself directly to her through a telephone to be her counsel, assures her that he is her attorney, and counsels her to make disclosure to such person so sent by him, and the accused is thereby induced to impart to him information prejudicial to her defense, is such conduct on the part of the district attorney such error that the court should not proceed to sentence and judgment upon the verdict?" The fourth and fifth questions are really a part of the above third question, and need not be specially answered. They are, in effect, whether such knowledge, so obtained, could be used against her on the trial, and whether the court should proceed to sentence and judgment when it appeared that the accused was prejudiced by reason of the knowledge the district attorney had thus obtained. If the obtaining such confidential communications from the

accused by such false pretenses is a material error, it follows that they should not be used against her.

The matters of this question are substantially admitted by the district attorney. He may not have told the prisoner who he was, or who he was not, or any actual falsehood. But he does not deny that he led the prisoner to believe that her own attorney was talking to her through the telephone. By this artifice she made a statement of the facts of her case to the person representing the district attorney, and through him to the district attorney himself, when she believed she was making confidential communications to her own counsel. The law of this state is so careful that the district attorney shall have no unfair advantage of the accused, and shall enter upon the trial without undue prejudice, that it places him under a disability to try the case, if he has " acted as counsel or attorney for the party accused, in relation to the matter of which the accused stands charged, and for which he is to be tried," and the court must appoint some suitable person to discharge his duties. Sec. 750, R. S. The only reason for such a statute appears to be because the district attorney has in this confidential manner obtained a knowledge of the case. If the district attorney has acted as counsel or attorney for the accused, by falsely personating his real counsel or attorney, and by this device obtains a knowledge of the facts of the case, he comes within the spirit, if not the letter, of this statute. In *Comm. v. Gibbs*, 4 Gray, 146, it has been held that when the attorney appointed in the place of the public prosecutor to prosecute a criminal case had been previously employed as attorney in a civil action depending on the same facts, it was a sufficient ground of error to reverse the judgment. The least that can be said of it, such a result ought to follow the conduct of the district attorney in so acting as the pretended attorney of the accused, and thereby obtaining a knowledge of her case.

It is held in *People v. Barker*, 60 Mich. 308, that confidential communications made by a prisoner, *in reliance upon* the *supposed* relation of an attorney and client, are not admissible in evidence. 3 Am. & Eng. Ency. of Law, 481. In *Wilson v. State*, 16 Ind. 392, an attorney had talked with a prisoner, and had learned the facts of the defense. He afterwards appeared as counsel for the prosecution. The conviction was reversed on that ground. In that case, as in this, even if the communications so obtained are not directly introduced in evidence, the district attorney will almost insensibly make use of such knowledge "either in shaping questions or producing witnesses," and in many ways make such knowledge available in the prosecution of the case, to the disadvantage of the accused. A communication made to an attorney, under the impression that the attorney was acting for the party as his real counsel at the time, is privileged. *Alderman v. People*, 4 Mich. 414. A prosecuting attorney, who was the attorney for the plaintiff in a replevin suit, is disqualified by the statute from prosecuting the defendant for larceny on the same facts. *People v. Hillhouse*, 80 Mich. 580. In *People v. Bussey*, 82 Mich. 49, it is held that a prosecuting attorney who had been counsel for the wife in several civil suits would have been debarred from prosecuting the husband criminally upon the same facts, if objection had been made. Where an attorney who had acted for one party was allowed, on objection, to act in a subsequent case for the other party, it was held error. *Weidekind v. Tuolumne Co. W. Co.* 74 Cal. 386.

No court has taken a higher view of the dignity of the office of district attorney than this court. "He is an officer of the state, . . . to see that the criminal laws of the state are *honestly* and *impartially* administered, unprejudiced by any motive of private gain, and holding a position analogous to that of the judge who presides at the trial."

The State vs. Russell.

*Biemel v. State*, 71 Wis. 450. "He is a *quasi* judicial officer, representing the commonwealth, who seeks no victims." *Comm. v. Nicely*, 130 Pa. St. 261. "The prosecuting officer represents the public interest, which can never be promoted by the conviction of the innocent. His object, *like that of the court*, should be simply justice." *Hurd v. People*, 25 Mich. 416. "A prosecuting attorney is vested with a personal discretion as a *minister* of *justice*, and not as a mere legal attorney, and he must act impartially." *Engle v. Chipman*, 51 Mich. 525. "He is a sworn minister of justice, whose duty it is to see that the innocent are protected, as well as that the guilty are brought to punishment." *People v. Davis*, 52 Mich. 570.

The rule is invariable that confidential communications made to one falsely pretending to be the counsel of the accused are privileged. *Smith v. Fell*, 2 Curt. Ecc. 667. If the district attorney had been previously the counsel of the accused in fact, and in that way obtained from her a knowledge of the facts of her case, the statute would have disqualified him from acting as district attorney in this case. When the district attorney or his assistant, by artifice and fraud, and falsely pretending to be her counsel, obtained a knowledge of the facts of her case, the reasons for his disqualification to act as the prosecuting officer against the accused are very much stronger. His own sense of justice towards the accused ought to have induced him to retire from the case. His zeal must have become the very spirit of persecution, and his prejudice in the case inordinate and intense, to have driven him into such perfidious misconduct as a high officer of the law. His acting as district attorney afterwards was an injury, as well as a constant menace, to the rights of the accused. It was an error fatal to the conviction. It was such error that the court should not proceed to sentence and judgment upon the verdict.

The third question is therefore answered in the affirma-

tive. The fourth and fifth questions, which are connected with and a part of the third question, have already been sufficiently answered in the negative. These questions and answers will be certified to the circuit court, and said court is advised to grant a new trial in the case.

*By the Court.*— Ordered accordingly.