Sullivan, Appellant, vs. Collins, imp., Respondent.

*May 18 — June 21, 1900.*

*Pleading: Amendment on trial: Statute of limitations: Abuse of discretion: Evidence: Cross-examination: Trials: Insinuations by counsel against character of witness: Instructions to jury: Motive in bringing action.*

| | |
|---|---|
| 107 | 291 |
| o108 | 302 |
| 107 | 291 |
| 109 | 312 |
| 107 | 291 |
| 111 | ³330 |
| 107 | 291 |
| 114 | ⁴597 |

1. Under sec. 2830, Stats. 1898 (granting power to courts to allow amendments to pleadings, upon the trial, in furtherance of justice and upon such terms as may be just), it is an abuse of discretion to allow the statute of limitations to be set up, by an amendment upon the trial, without any showing to excuse the delay, and without the imposition of any terms or conditions. Such a ruling is not "in furtherance of justice."

2. Where, in an action for amounts due for rent and for a suit of clothes, the plaintiff was examined simply as to the sale of the clothes, upon cross-examination it is error to allow, against objection, questions as to the receiving of checks by the plaintiff from the defendant at dates before the alleged sale.

3. An affirmative defense of payment cannot be proven by cross-examination of a party when he has given no testimony as to the claim which is alleged to have been paid. Language used in *Weadock v. Kennedy*, 80 Wis. 449, to the effect that a party may always be cross-examined on the whole case whenever he has testified as to any fact in the case, criticised, and *held* not to imply intention to depart from the rule that the cross-examination of a witness should be confined to matters brought out on the direct examination.

4. While it is competent to show by cross-examination of one party that there was ill feeling between himself and the other, or that trouble had occurred between them, and the general character of the trouble, it is not competent for counsel to inject into the case, by statement and insinuation, charges of lying, theft, and perjury against the party undergoing cross-examination; and in case he does so the trial court distinctly fails in its duty unless it calls him to order at the outset and stops the objectionable remarks: the mere sustaining of objections, without fitting rebuke, is no adequate remedy for the evil.

5. In an action on contract, where plaintiff's claim was old and subject to the criticism that it was stale, but there was enough testimony in its support to entitle it to be fairly submitted to the jury, an instruction that, if the action was merely an attempt to

defraud, hinder, and oppress the defendant, the jury should find for the defendant, is *held* not justified by the evidence and distinctly misleading.

6. Such an instruction, if proper in any case, should not be given without a sufficient qualification to inform the jury that, if the plaintiff has proven his cause of action, he should recover notwithstanding his motive in bringing the action was to oppress the defendant.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an action commenced November 24, 1897, to recover the sum of $912, and interest, alleged to be due for the rent of a store from May 14, 1891, to April 8, 1893, and also the sum of $70 alleged to be due for an overcoat and a suit of clothes delivered to one Gordon at the request of the defendants. The defendant M. V. Sullivan is a brother of the plaintiff, *John E. Sullivan*, and made default in the action. The defendant *M. L. Collins* answered, admitting the leasing of the store, and claiming that the rent had been paid, and denying any knowledge and information sufficient to form a belief as to the truth of the allegations forming the second cause of action. At the opening of the trial the court permitted the defendant to amend his answer without terms by pleading the statute of limitations as to that part of the rent which accrued prior to November 14, 1891. The evidence on the trial showed that the plaintiff prior to 1891 was, and continued to be thereafter, a merchant tailor in the city of Fond du Lac; that the defendants M. V. Sullivan and *M. L. Collins* were on the 14th of May, 1891, and continued up to the 8th of April, 1893, to be, copartners engaged in a gentlemen's furnishing business in the same city; and that during the time from May 14, 1891, to April 8, 1893, the defendants, as copartners, rented of the plaintiff one half of the store occupied by the plaintiff, at a rental of $40 per month. The claim of the defendant *Collins* was that this rent was paid. The jury rendered a verdict for the defend-

ants, on which judgment was entered, and the plaintiff appeals.

For the appellant there was a brief by *Giffin & Sutherland*, and oral argument by *D. D. Sutherland*.

For the respondent there was a brief by *Edward S. Bragg*, of counsel, and oral argument by *John I. Thompson*.

Winslow, J.   1. Upon the opening of the trial of the case, the court, upon oral application of the defendant, without any fact being shown to excuse the delay, and without imposing terms, allowed an amendment to the answer setting up the statute of limitations as to the six months' rent which accrued between May 14 and November 14, 1891.

The statute allowing amendments upon the trial is a broad and sweeping one, and is in very frequent use in the trial courts.   It gives the trial court full power to allow amendments of the pleadings upon the trial "in furtherance of justice and upon such terms as may be just." Stats. 1898, sec. 2830.   The matter is left to the sound discretion of the trial court to decide whether the proposed amendment is in furtherance of justice, and, if so, upon what condition the amendment is to be granted.   With this discretion this court will not interfere, except in cases of abuse thereof. *Illinois S. Co. v. Budzisz*, 106 Wis. 499.   The rule has long been established in this court that there is a substantial difference between such defenses as usury and the statute of limitations and other ordinary defenses, especially when application is made to the court for favor or indulgence by way of amendment. *Morgan v. Bishop*, 61 Wis. 407, and cases cited. While the court has the same power to allow amendments setting up such defenses, the question whether such an amendment, setting up what is considered a hard and unconscionable defense and savors of a harsh penalty, is in fact in furtherance of justice, is necessarily a very different question from that which arises when application is made

to insert some minor allegation in a pleading, or set up a defense which goes to the merits of the case. It is believed that the cases are extremely rare where it would not be an abuse of discretion to allow such an amendment to be made upon the trial of the case without any showing to excuse the delay, and without imposing some terms or condition. The nearest approach to such a case, perhaps, is that of *Illinois S. Co. v. Budzisz, supra;* but in that there was a showing of facts tending to excuse the delay, and, furthermore, the only objection made was that of want of power in the court to permit the amendment, and it was held that this amounted to a waiver of other objections. In the present case, however, in addition to the failure to show any reason for the delay, there was an express claim by the plaintiff that terms should be imposed. Under the repeated ruling of this court cited in the case of *Morgan v. Bishop, supra,* we are compelled to hold that it was an abuse of discretion to allow the statute of limitations to be set up by amendment upon the trial without any showing to excuse the delay, and without the imposition of any terms or conditions. Such a ruling cannot be considered as "in furtherance of justice."

2. Upon the opening of the case the plaintiff was called as a witness, and examined simply as to the alleged sale of the overcoat and suit of clothes by him to one Gordon, upon the promise of the defendants to pay for the same. Upon cross-examination the defendant's attorney proceeded to ask him numerous questions as to the receiving of checks by the plaintiff from the defendant in August and September, 1891, before the alleged sale of the clothes, and also in the year 1892. These questions were properly objected to as not proper cross-examination, but the objections were overruled. It is plain that the cross-examination did not relate to any matter gone into on the direct examination, but related to the affirmative defense of payment of the rent, and the

plaintiff had not been examined as to that cause of action at all. The rule is well known that the cross-examination of a witness should be confined to matters brought out on the direct examination. *Norris v. Cargill*, 57 Wis. 251; *Lueck v. Heisler*, 87 Wis. 644. It is also true that in the discretion of the court a broader range of cross-examination should be allowed in the case of a witness who is also a party. 3 Jones, Ev. § 844. This latter rule is most frequently applied in cases of alleged fraudulent transfer of property where the party has been examined in chief as to his ownership of the property in dispute. In such cases the circumstances of the transfer may be fully gone into as cross-examination. *Kalk v. Fielding*, 50 Wis. 339; *Weadock v. Kennedy*, 80 Wis. 449. Language was used in the last-named case indicating that a party may be always cross-examined on the whole case whenever he has testified as to any fact in the case, but the case did not involve that question, and certainly there was no intention to depart from the well-established rules above cited. Certainly, an affirmative defense of payment cannot be proven by cross-examination when the party has not given any testimony as to the claim which is alleged to have been paid. Under the circumstances, we think the allowance of these questions, against objection properly taken, was error.

3. Upon the cross-examination of the plaintiff, the defendant's counsel asked the plaintiff if there had not been trouble between himself and the defendant, and the plaintiff denied that there had been any trouble. Thereupon the following proceedings took place: "*Q.* You were a witness, were you not, in the case of the state against M. V. Sullivan, charged with larceny in that store from *M. L. Collins?* (Objected to as incompetent and immaterial, and not cross-examination.) *The Court:* What is the object, General? *Gen. Bragg:* I don't care to tell the witness the object. I think the question is proper. We will find before we get through with

the case that it turns entirely upon the question of credibility; necessary to show the surroundings of all the parties to this deal. *Mr. Sutherland:* The only question that is before us, so far as the witness has testified, is the question as to whether these goods were delivered to Gordon at the request of M. V. Sullivan and *M. L. Collins*, and if they agreed to pay for them. This is the only question. That occurred in 1891 and 1892. Now, what are we going to try? *Gen. Bragg:* The witness that swears to that we say lies. In order to sustain our proof of this falsehood which will be testified to by the defendant, we seek to prove his temperament and condition and relation to his brother thief, who has defaulted here for his benefit. *Mr. Sutherland:* I would like that to be taken down, and object to such an argument being made. *Court:* You may finish your statement. (Plaintiff excepted.) *Gen. Bragg:* To show the combination, conspiracy, joint interest of the two to break down the character and credit of the hostile establishment, growing out of the identical litigation. *Mr. Sutherland:* Now, I renew the objection to such argument being made in the presence of the jury, and ask the court's ruling upon it. *The Court:* Of course, at this stage of the case I am unable to perceive anything that would justify one expression used by counsel. *Gen. Bragg:* What is that? *The Court:* I don't want to repeat it. I don't know what the evidence may develop later on. *Gen. Bragg:* I didn't use that term with reference to this witness. *The Court:* Coupled with it, whether you intended it or not, was another word, as I understood, that perhaps you didn't intend to use. The word 'brother' was coupled with some other word. *Gen. Bragg:* That is his brother; his brother. *The Court:* Yes, I know; and the inference that I drew from it was that it was applicable to both. *Gen. Bragg:* No, not at this stage of the game. *The Court:* I will sustain the objection to this question now. *Q.* Your brother Michael V. was in-

·dicted, was he not,— I don't know but what I shall make another offensive remark,— upon the certificate of my friend Sutherland here, as court commissioner, acting judicially ·upon the evidence? (Objected to as incompetent, immaterial, and not proper cross-examination. Objection sustained. Defendant excepted.) *Q.* Your brother was in·dicted, wasn't he? (Objected to as before.) *The Court:* If the brother was a witness, you can prove it either by the ·record or by him; and until he is a witness can you do this? *Gen. Bragg:* Yes, in order to show motive, interest, feeling, ·or prejudice, by showing that upon that issue in that store this witness interposed his evidence to attempt to overthrow ·the evidence which settled the question of guilt, denied and contradicted the testimony of the witness, and the jury found a verdict of guilty. This man was made a party in it in covering the brother on what he was charged. (Ob·jected to by the plaintiff.) *Q.* You were a witness upon that indictment in support of his case? (Objected to as not cross-·examination, and involving two questions. Objection sus·tained. Defendant excepted.) *Q.* Were you not a witness for the defendant Michael V. Sullivan upon an indictment ·against him for larceny of goods of *M. L. Collins* from the ·store building occupied by you and by M. V. Sullivan when he was acting in your employ as your clerk? (Objected to as incompetent, immaterial, and not cross-examination. ·Objection sustained. Defendant excepted.) *Gen. Bragg:* I offer it to lay the foundation for what I shall argue with ·reference to the credibility of this witness; upon his inter·est and bias and passion. (Objection sustained. Defendant excepted.) *Q.* Did you not upon the trial of the indictment found against M. V. Sullivan for larceny from *M. L. Collins,* in the same store building occupied by you, and while he was your clerk, having access to that store, testify as a witness on his behalf contradicting the statements and evidence ·of *M. L. Collins* of conversations had with you pointing out

to you goods which had been so stolen, and which he testi-fied you had promised to have adjusted, and did you not deny his statements *in toto?* (Objected to as incompetent and immaterial, and not proper cross-examination. Objection sustained. Defendant excepted.) *Q.* Were you not present in the store occupied by you when *M. L. Collins* attempted to take possession of the property alleged purchased with your knowledge by him from M. V. Sullivan, and did you not then countenance and permit Tom Cale to stand as guard at your door to prevent *Collins* from taking his goods, and threatening him with personal violence if he attempted to do so? (Objected to as incompetent, immaterial, and not cross-examination. Objection sustained. Defendant excepted.) "

It was entirely competent to show by cross-examination that there was ill feeling between the plaintiff and defendant, or that trouble had occurred between them, and the general character of the trouble; but it was not competent for counsel to inject into the case, by statement or insinuation, charges of lying, theft, and perjury, such as these. Cases are not so tried, at least in countries which found their jurisprudence upon the English common law. This court has had occasion to condemn such a manner of trying cases. *Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157. Nor ought it to remain for this court upon appeal to condemn such tactics. The trial court should at the outset have decisively called counsel to order, and stopped such remarks, and it distinctly fails in its duty when it does not do so at once and effectively. The mere sustaining of objections, without fitting rebuke, is no adequate remedy for the evil. The least that a self-respecting court can do under such circumstances is to stop such practice in the presence of the jury, and not allow it to proceed with simply a perfunctory sustaining of objections. When counsel thus throws into the case such charges and insinuations, with the added weight

of his own character and prestige, he does that which no lawyer should do. He tries his case upon unsworn statements and vilification, instead of evidence, and he obtains a verdict, if at all, based, in part at least, upon that which is not evidence, and which has no proper place in the trial.

4. The court, among other things, charged the jury as follows, and exception was duly taken to the instruction: " If the jury finds from the evidence that this action is merely an attempt to defraud, hinder, and oppress the defendant *Collins*, they will find for the defendant." We have been unable to find in the case, either in the way of evidence or lack of evidence, anything which would justify the giving of this instruction. While the plaintiff's claim was old, and subject to the criticism that it was stale, still there was certainly enough testimony in its support to entitle it to be fairly submitted to the jury for decision without the implication contained in this instruction. The propriety of such an instruction in any case may well be doubted. What the jury would understand by it is certainly questionable. It may well be that some jurymen would understand that, even if the plaintiff had a valid claim against the defendant, still, if his only object in bringing the action was to hinder and oppress the defendant, and otherwise the action would not have been brought, the plaintiff could not recover. This is not the law. The motive of the plaintiff cuts no figure, if he is doing a lawful act (*Metzger v. Hochrein, ante,* p. 267), and the bringing of an action upon a valid claim is an entirely lawful act. So the test is, Did the plaintiff prove his cause of action? If he did, he should recover, whatever his motive; and, if he did not, he should not recover, not because his motive was bad, but because he did not prove his case. We regard the instruction as it stands as not justified by the evidence, and also as distinctly misleading. If it were to be given in any case, there should be added to it a sufficient qualification which would inform the jury that, if

the plaintiff had proven his cause of action, he could recover, notwithstanding his motive in bringing the action was to oppress the defendant.

There are other errors alleged, but it is believed that what has been said furnishes a sufficient guide for the retrial of the case. It is not a difficult or complicated case. The issues are simple, and call only for the application of well-established rules.

*By the Court.*— Judgment reversed, and action remanded for a new trial.