O'NEIL, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 16—February 9, 1926.*

District attorneys: As quasi-judicial officers: Argument to jury: Inflammatory remarks as to defendant's guilt: Prejudicial error: Discretion of trial court.

1. The district attorney in a criminal prosecution is a *quasi*-judicial officer, and represents the commonwealth.   p. 261.
2. The remarks of a district attorney in argument in a prosecution against defendant for taking indecent liberties with a girl under the age of sixteen years, that defendant was "sending little girls down the primrose paths to hell, outside of the indecent liberties involved in this case," and "defendant's counsel stated that there was another way of handling this matter, and I say the only other way was to kill him," constituted prejudicial error, notwithstanding the trial judge directed the jury to pay no attention to such remarks.   p. 263.
3. The rights of a defendant may be protected by prompt, vigorous, and sharp reprimand of the prosecuting officer by the trial judge, coupled with an instruction to the jury to disregard the prejudicial remarks; but even if such a ruling would have cured the error here, the indecisive ruling of the court is *held* not to have done so.   p. 263.
4. Considerable latitude must be permitted in oral argument, and much is left to the discretion of the trial judge to determine whether an improper statement was made under such circumstances that it might be excused, mitigated, or even justified.   p. 263.

ERROR to review a judgment of the superior court of Douglas county: ARCHIBALD McKAY, Judge. *Reversed.*

The defendant was found guilty of taking indecent liberties with a girl under the age of sixteen years and was sentenced to serve nineteen months in the state penitentiary at Waupun.

The defendant conducted a barber shop in Superior which was much frequented by young boys and girls, who were attracted to his shop by the curiosities which it contained, as well as by defendant's gifts of small sums of money, of fruit, and of sweets.

In the course of his argument to the jury the district attorney stated: "This man is sending little girls down the primrose paths to hell, outside of the indecent liberties involved in this case." Upon objection being made the court ruled: "If there was any such remark, I will instruct the jury not to pay any attention to it."

Again during the argument of the district attorney defendant's counsel objected to the statement: "Defendant's counsel stated that there was another way of handling this matter, and I say that the only other way was to kill him," referring to the defendant. The district attorney denied that he made that statement, but in answer to objection made and after ruling by the court he said: "Counsel says there is another way. What is his way to handle that question? I say there is no other way than the way I suggested, and we as law-abiding citizens could not do that." Each time that objection was made to these statements the court instructed the jury to "pay no attention to those remarks."

For the plaintiff in error there was a brief signed by *Cadigan & Cadigan* of Superior, and oral argument by *Jno. A. Cadigan,* of counsel.

For the defendant in error there was a brief by *R. E. Kennedy,* district attorney of Douglas county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

STEVENS, J.   The district attorney represents the commonwealth,—a commonwealth which demands no victims, —a commonwealth which "seeks justice only,—equal and impartial justice. . . . It is as much the duty of the district attorney to see that no innocent man suffers as it is to see that no guilty man escapes." *Comm. v. Nicely,* 130 Pa. St. 261, 18 Atl. 737, 738; *People v. Fielding,* 158 N. Y. 542, 53 N. E. 497, 498; *State v. Kaufmann,* 22 S. Dak. 433, 118 N. W. 337, 339; *People v. Fong Sing,* 38 Cal. App. 253, 175 Pac. 911, 916.

The district attorney is a *quasi*-judicial officer.   *State v. Russell,* 83 Wis. 330, 338, 53 N. W. 441; *State v. Kaufmann,* 22 S. Dak. 433, 118 N. W. 337, 338; *Comm. v. Nicely,* 130 Pa. St. 261, 18 Atl. 737, 738.   In the trial of a criminal case, "the code of ethics of the district attorney in all such matters cannot too closely follow the ethics of the bench."   *Coon v. Metzler,* 161 Wis. 328, 334, 154 N. W. 377.   "A prosecutor should act not as a partisan eager to convict, but as an officer of the court, whose duty it is to aid in arriving at the truth in every case."   *Hillen v. People,* 59 Colo. 280, 287, 149 Pac. 250, 253.   "His object, like that of the court, should be simply justice; and he has no right to sacrifice this to any pride of professional success. And, however strong may be his belief of the prisoner's guilt, he must remember that, though unfair means may happen to result in doing justice to the prisoner in the particular case, yet justice so attained is unjust and dangerous to the whole community."   *Hurd v. People,* 25 Mich. 406, 416.

"No court has taken a higher view of the dignity of the office of district attorney than this court.   'He is an officer of the state, . . . to see that the criminal laws of the state are *honestly* and *impartially* administered, . . . holding a position analogous to that of the judge who presides at the

trial.'" *State v. Russell*, 83 Wis. 330, 337, 53 N. W. 441. The district attorney is not a mere legal attorney. "He is a sworn minister of justice." *State v. Russell*, 83 Wis. 330, 338, 53 N. W. 441.

"The defendant was entitled to a trial upon the evidence produced, unaffected by the statement of extrinsic facts or extraneous considerations," such as those presented by the statements of the district attorney to which objection was made. *Scott v. State*, 91 Wis. 552, 557, 65 N. W. 61. When a prosecuting officer makes such statements in his argument to the jury, "he tries his case upon unsworn statements and vilification, instead of evidence, and he obtains a verdict, if at all, based, in part at least, upon that which is not evidence, and which has no proper place in the trial." *Sullivan v. Collins*, 107 Wis. 291, 299, 83 N. W. 310.

The case presented to the jury a square conflict between the testimony of two witnesses—the defendant and the little girl who testified to the indecent liberties. It was a case in which the improper and inflammatory statements made by the district attorney in his argument to the jury might well have been the deciding factor in determining the verdict of the jury. There can be little doubt that these statements of the district attorney must have had their effect upon the jury. Nothing can more quickly inflame the mind of any man or any woman than the charge that a mature man has been guilty of the offense against young and innocent girls which was involved in the statement made by the district attorney. It would be given all the greater weight coming from the "sworn minister of justice," representing the State of Wisconsin. In view of the undisputed proof that little girls frequented his barber shop, it is hard to conceive of any remark that could have more seriously prejudiced the defendant in the eyes of the jury than to insinuate that these little girls, who had been attracted to his barber shop by gifts and by curios, had been sent "down the primrose paths

to hell" by the most despicable of all crimes committed by this middle-aged defendant.

This statement was so prejudicial to defendant as to overshadow the other very serious infraction of defendant's right in the district attorney's argument to the jury. But we cannot too seriously condemn reference to killing or disposing of a defendant in a criminal trial in any other way than the orderly procedure prescribed by law, especially when such statement is made by one whose official duty it is to enforce obedience to the legal and orderly administration of the criminal law.

When a prosecuting officer makes such statements as those here in question, no course is open to the court except to set aside the conviction. In arriving at this conclusion the court has not overlooked the fact that the trial judge directed the jury to pay no attention to the remarks of counsel. Nor have we disregarded the well established rule that the rights of a defendant may be protected by a prompt, vigorous, and sharp reprimand by the trial judge, coupled with an instruction to the jury to disregard the prejudicial remarks. But, even if such ruling might cure the error committed in this case (which may well be doubted), it is clear that the mild and rather indecisive ruling of the trial court in this case did not meet the requirement of the rule.

The court has not overlooked the equally well established rule that considerable latitude must be permitted in oral argument and that it is not always possible to restrain within narrow bounds intense zeal and the eloquent presentation of the facts of a case to a jury, and that in these matters much must be left to the discretion of the trial judge, who is in a better position to determine whether an improper statement was made under such circumstances that it might be excused, mitigated, or even justified.

The case at bar stands so clearly outside the realm of these well recognized rules as to leave no doubt as to the

duty of this court. It is such statements as these that lead to mob violence outside the jury room. Such inflammatory statements must of necessity excite the same fundamental passions and prejudices, even in the minds of those who have taken an oath to well and truly try the issue submitted to them for decision in the jury room. It was the violent and unwarranted abuse of the rights of those accused of crime in England in the days when Lord COKE was prosecuting officer that led to the adoption of such safeguards for the protection of the rights of persons accused of crime as to cause Mr. Chief Justice WINSLOW to question whether a defendant should be permitted "to play his game with loaded dice" and whether justice should "travel with leaden heel." *Hack v. State,* 141 Wis. 346, 352, 124 N. W. 492.

District attorneys are charged with the duties of vigorously prosecuting those who are guilty of crime. Zeal in the prosecution of offenders is always to be commended. The zeal and the fidelity with which they perform their duty will determine in large measure the degree of protection which organized society gives to its individual members. But the district attorney who permits his zeal to secure convictions to cause him to disregard his duty as a "sworn minister of justice," not only wrongs the defendant, he impedes the administration of criminal justice and brings the administration of the criminal law into disrepute.

*By the Court.*—The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.