658

Koenig, Plaintiff in error, vs. The State, Defendant in error.

*June 5—June 26, 1934.*

*J. E. O'Brien* of Fond du Lac, for the plaintiff in error.
For the defendant in error there was a brief by *Alex L. Simpson,* district attorney of Fond du Lac county, and *Roy W. Thiel* of Fond du Lac of counsel, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Simpson* and *Mr. Messerschmidt.*

FRITZ, J.   The intercourse, which resulted in the conception and birth of the child involved in this proceeding, occurred during the four weeks preceding October 15, 1932. During all of that period the complaining witness, Ruth Ellis, was a married woman, residing with her parents in the city of Fond du Lac; and her husband, Earl Ellis, resided about thirty-three miles from that city on a farm, where he worked while on parole after a conviction for abandonment. He had gone to neighboring farms and, at least once, to Fond du Lac.

As the child was conceived and born during the period of wedlock, it is, under the law in this state, presumed to be legitimate; and the most clear and conclusive proof of non-access is required to bastardize a child born under such circumstances. *Mink v. State,* 60 Wis. 583, 19 N. W. 445; *Watts v. Owens,* 62 Wis. 512, 22 N. W. 720; *Shuman v. Shuman,* 83 Wis. 250, 53 N. W. 455; *Riley v. State,* 187 Wis. 156, 203 N. W. 767; *State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 564, 193 N. W. 651; *Estate of Lewis,* 207 Wis. 155, 158, 240 N. W: 818.   In respect to non-access, this court has said that—

"Testimony of the wife even *tending* to show such fact, or of any fact from which such non-access could be *inferred,* or of any collateral fact connected with this main fact, is to be most scrupulously kept out of the case; and such non-access and illegitimacy must be clearly proved by other testimony." *Mink v. State,* 60 Wis. 583, 585, 19 N. W. 445; *Watts v. Owens, supra; Shuman v. Shuman, supra; State ex rel. Reynolds v. Flynn, supra;*

and that—

"No rule of evidence is better settled than that husband and wife are alike incompetent witnesses to prove the fact of non-access while they lived together." *Shuman v. Shuman, supra.*

The court and counsel recognized those rules on the trial of the case at bar.   However, the prosecuting attorney, in his zeal to discharge the burden which required the most

clear and conclusive evidence of non-access, persisted in eliciting testimony of the wife and of the husband which was clearly incompetent. Although the objections thereto were sustained in most instances, nevertheless the prosecution succeeded in procuring some answers before the court ruled, and the prejudicial effect thereof was not remedied by the subsequent ruling or any instruction. Thus, the wife testified that during the period in question she did not have sexual intercourse with any person other than the defendant. Likewise, the husband testified that he remained on the farm under parole from April 15th to November, 1932; that he did not leave that farm, except when accompanied by the proprietor thereof, to go elsewhere than to the neighbors; and that he went to Fond du Lac once, but was not there otherwise during September and October, 1932. That testimony, when elicited by the prosecution, was as prejudicially effective as if the court, instead of the district attorney, had erred in respect thereto. In neither event can the state reap any advantage therefrom to the detriment of plaintiff in error. As a *quasi*-judicial officer, it was the duty of the district attorney, as well as the court, to see to it that a conviction shall only be had in accordance with law. *Bianchi v. State,* 169 Wis. 75, 95, 171 N. W. 639; *Baumgartner v. State,* 198 Wis. 180, 191, 223 N. W. 419, 224 N. W. 474; *Cleaveland v. State,* 211 Wis. 565, 248 N. W. 408. Failure in that respect may warrant reversal of a judgment of conviction, even though no error occurred in the rulings or instructions of the court. *O'Neil v. State,* 189 Wis. 259, 207 N. W. 280.

Aside from that incompetent testimony, the record is devoid of such clear and conclusive evidence of non-access as is required in order to sustain an adjudication which bastardizes a child, and, consequently, defendant's motion for a discharge should have been granted.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment discharging the defendant.