STATE EX REL. BRIGGS, Appellant, vs. KELLNER, Sheriff, Respondent.

*September 11—October 16, 1945.*

*L. O. Warne* of Green Bay, for the appellant.

For the respondent there was a brief by *J. Norman Basten,* district attorney of Brown county, and *Raymond E. Evrard* of Green Bay, and oral argument by *Mr. Evrard.*

MARTIN, J.  The order appealed from was entered in *habeas corpus* proceedings instituted by Everett Briggs as petitioner to test the legality of his detention under a commitment issued by the municipal court of Brown county upon its determination, after a preliminary examination pursuant to a criminal complaint filed against him, that he be held for trial.  The sole question presented by appellant is: "Are the declarations and admissions of a married woman which tend to bastardize her own child admissible in illegitimacy proceedings?"

Appellant was arrested on a complaint charging him with being the father of an illegitimate child born on February 12, 1945, to Marcella De Baker, a married woman and wife of Gordon De Baker.  A preliminary hearing was had before the municipal court on the 27th day of February, 1945. During the hearing the court, over objection, allowed Marcella De Baker to testify as to her illicit relations with

the defendant Briggs. At the conclusion of the testimony counsel for defendant moved that defendant be discharged on the ground that the testimony at the preliminary hearing, which related to probable cause, was based on the evidence of the complaining witness only, and that being inadmissible, the defendant should be discharged. This motion was denied and defendant was bound over for trial. The required recognizance not being furnished by the defendant, commitment issued committing him to the common jail of Brown county and delivering him to Clifford Kellner, sheriff of Brown county.

Thereafter the petition for a writ of *habeas corpus* was made to the circuit court requesting the discharge of the defendant on the grounds that the evidence of the complainant was inadmissible, and without the evidence she gave the state had failed to establish a probable cause for the offense charged. The district attorney and counsel for the complainant moved that the writ be quashed on the ground that it appeared on the face of the petition that Briggs was properly bound over to the municipal court for trial, and that it appeared from the face of petition that the facts stated were insufficient to permit the issuance of a writ of *habeas corpus*. Upon the hearing the circuit court quashed the writ on the ground that there was sufficient proof on the preliminary examination to hold defendant for trial. The court did not rule on the question of whether the wife's testimony was admissible. From the order quashing the writ and remanding defendant to his former imprisonment under the order binding him over for trial, defendant brings this appeal.

It appears that Marcella and Gordon De Baker were married December 24, 1941. Gordon was inducted into the service of the United States September 2, 1942. Prior to his induction he and his wife lived at the home of his parents. The last time Gordon was seen in Green Bay was

in November, 1943. In January, 1944, his father received a letter from Gordon stating that he was then in England. On February 27, 1945, Gordon was in France. In December, 1943, Marcella De Baker commenced working at a war plant in Sturgeon Bay. On March 13, 1944, she began riding with the defendant Briggs to and from Sturgeon Bay, and on Thursday evenings after March 20, 1944, she began going out with Briggs and continued so doing until May 18, 1944. On February 12, 1945, a child was born to Marcella De Baker, and according to the birth record filed in the office of the register of deeds for Brown county Gordon De Baker's name was given as the father of said child.

Since the child was conceived and born in wedlock, it is, under the law of this state, presumed to be legitimate; and the most clear and conclusive proof of nonaccess is required to bastardize a child born under such circumstances. See *Koenig v. State,* 215 Wis. 658, 659, 255 N. W. 727, and cases there cited.

In respect to nonaccess, this court has said that "testimony of the wife even *tending* to show such fact, or of any fact from which such nonaccess could be *inferred,* or of any collateral fact connected with this main fact, is to be most scrupulously kept out of the case; and such nonaccess and illegitimacy must be clearly proved by other testimony." *Mink v. State,* 60 Wis. 583, 585, 19 N. W. 445; *Watts v. Owens,* 62 Wis. 512, 22 N. W. 720; *Shuman v. Shuman,* 83 Wis. 250, 256, 53 N. W. 455; *State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 564, 193 N. W. 651. "No rule of evidence is better settled than that husband and wife are alike incompetent witnesses to prove the fact of nonaccess while they lived together." *Shuman v. Shuman, supra.*

While the complaining witness Marcella De Baker did not testify in respect to nonaccess of her husband during the period that her child was conceived, she was permitted to

and did testify, over objection of defense counsel, to having had sexual relations with defendant Briggs during the period that her child was conceived. She was incompetent to so testify. Her testimony was improperly received and should have been stricken. It should be noted that since the preliminary hearing in this case, the legislature enacted ch. 38, Laws of 1945, which provides:

> "*Presumption of legitimacy.* Whenever it is established in an action that a child was born to a woman while she was the lawful wife of a specified man, any party asserting the illegitimacy of the child in such action shall have the burden of proving beyond all reasonable doubt that the husband was not the father of the child. *In all such actions the husband and the wife are competent to testify as witnesses to the facts. . . ."*

From what has been said it does not follow that appellant should have been discharged on *habeas corpus.* In *State ex rel. Morgan v. Fischer,* 238 Wis. 88, 91, 298 N. W. 353, the court said:

> "Nothing will be investigated on *habeas corpus* except jurisdictional defects amounting to want of any legal authority for the detention or imprisonment. *Petition of Crandall for a Habeas Corpus* (1874), 34 Wis. 177; *Larson v. State ex rel. Bennett* (1936), 221 Wis. 188, 266 N. W. 170.
>
> "Where a person is detained pursuant to the order of the court made upon a preliminary examination, the only question raised by a writ of *habeas corpus* is, 'Was there any evidence for the magistrate to act upon and whether the complaint charged any offense known to the law?' When it is discovered that there is competent evidence upon which the examining magistrate might act in determining the existence of essential facts, jurisdiction is established and in such case the defendant will not be discharged. *State ex rel. Durner v. Huegin* (1901), 110 Wis, 189, 237, 85 N. W. 1046."

In the instant case, eliminating the incompetent testimony of the complainant Marcella De Baker, there is competent evidence that from the time of the marriage of Marcella and Gordon De Baker they lived in the home of Gordon's parents; that Gordon was inducted into the service of the United States September 2, 1942; that the last time he was home was on a furlough at Thanksgiving, 1943; that the father corresponded with him and in January, 1944, received a letter from him in England; that in February, 1945, Gordon was in France. Gordon's father testified that Briggs called at his home every morning over a considerable period of time and took Marcella to her place of work at Sturgeon Bay where he was also employed; that during the months of April and May, 1944, Briggs regularly called for Marcella on Thursday evenings and took her out in his car.

On the testimony of Gordon's father that his son had not been home since Thanksgiving time, 1943, the examining magistrate might well conclude that Gordon did not have access to his wife during the period her child was conceived. This circumstance, taken in connection with appellant's association with complainant, particularly his Thursday evening auto rides with her during the period that the child was conceived, furnished sufficient proof upon a preliminary examination to believe that someone other than the husband was the father of the child; and the evidence shows probable cause to hold the defendant for trial.

*By the Court.*—Order affirmed.