STATE EX REL. SAUK COUNTY DISTRICT ATTORNEY, Relator, v. GOLLMAR, Circuit Judge, Respondent.

*October 5—November 1, 1966.*

For the relator the cause was argued by *John M. Langer* of Baraboo, special counsel, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

For the respondent there was a brief by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, and oral argument by *Vaughn S. Conway.*

CURRIE, C. J. The sole issue before this court is whether a defendant charged with a misdemeanor can

secure a six-man jury trial without the state acting through the district attorney consenting thereto. The controlling statute is sec. 957.01 (1), Stats., which provides:

"Except as otherwise provided in this *chapter,* criminal cases in courts of record shall be tried by a jury of 12, drawn *as* prescribed in ch. 270, unless the defendant waives a jury trial in writing or by statement in open court, entered in the minutes, with the approval of the court and the consent of the state. *A defendant charged with a misdemeanor in county court waives trial by a jury of 12 if he elects to be tried by a jury of 6."* (Italics supplied.)

The last sentence of sec. 957.01 (1), Stats., which was added to this section by way of amendment enacted by ch. 561, Laws of 1961, has never been interpreted by this court. The case is, therefore, one of first impression.

Before undertaking to interpret the statute we deem it helpful to review the historical background of jury trials in criminal cases, and the waiver thereof, in Wisconsin prior to 1961.

Sec. 7, art. I of the Wisconsin constitution, declares that in all criminal prosecutions the accused shall among other things:

". . . enjoy the right to . . . a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; . . ."

The jury contemplated by this section is the type of jury recognized by the common law, *i.e.,* a 12-man jury.

". . . this section secures to the accused in all criminal prosecutions a *right of trial* by jury, . . . the jury mentioned in said section means a jury of twelve impartial men,—such a jury as was known to the common law and to the courts of the territory of Wisconsin before the state was organized." [1]

---

[1] *Bennett v. State* (1883), 57 Wis. 69, 75, 14 N. W. 912. See also *Norval v. Rice* (1853), 2 Wis. 17 (*22); *Jennings v. State* (1908), 134 Wis. 307, 114 N. W. 492; Conway, Is Criminal or Civil

It has been held that the right to a jury trial under sec. 7, art. I, applies to misdemeanors as well as felonies.[2]

This court has also recognized on several occasions that jury trials in criminal cases cannot be waived absent statutory authorization, there being no provision for waiver in sec. 7, art. I, Wisconsin constitution.[3]

Following the decision by this court in *State v. Smith* [4] holding that the circuit court had no jurisdiction to sentence the defendant who had been tried to the court after waiving his right to a jury trial, the 1925 legislature amended then sec. 357.01, Stats., to provide:

"Issues of fact joined upon any complaint, indictment or information may be tried by the court without a jury or by a jury of less than twelve men whenever the accused in writing, or by statement in open court, entered in the minutes, consents thereto. When there is no such consent such issue shall be tried by a jury drawn and returned in the manner prescribed by law for the trial of issues of fact in civil causes."

This provision on waiver contained in sec. 357.01, Stats., remained unchanged until the 1949 revision of the Wisconsin Code of Criminal Procedure.[5] As amended, sec. 357.01 consisted of three subsections of which sub. (1) read as follows:

"Except as otherwise provided in this section, criminal cases in courts of record shall be tried by a jury of 12

Procedure Proper For Enforcement of Traffic Laws? Part I, 1959 Wisconsin Law Review, 418, 424.

[2] *State v. Lockwood* (1877), 43 Wis. 403; *State v. Smith* (1924), 184 Wis. 664, 200 N. W. 638; *State v. Slowe* (1939), 230 Wis. 406, 284 N. W. 4.

[3] *In re Staff* (1885), 63 Wis. 285, 23 N. W. 587; *Jennings v. State, supra,* footnote 1, at page 310; *Oborn v. State* (1910), 143 Wis. 249, 259, 126 N. W. 737; *State v. Smith, supra,* footnote 2; *State ex rel. Derber v. Skaff* (1964), 22 Wis. (2d) 269, 272, 125 N. W. (2d) 561. See also Wisconsin Criminal Procedure, 1966 Wisconsin Law Review, 430, 476.

[4] *Supra,* footnote 2.

[5] Ch. 631, Laws of 1949.

jurors, drawn in the manner prescribed in chapter 270, unless the defendant waives a jury trial in writing or by statement in open court, entered in the minutes, *with the approval of the court and the consent of the state.*" (Italics supplied.)

Assistant Attorney General William A. Platz, who played an active part in the 1949 revision, explained in a law-review article [6] that as a result of the 1949 revision a further requirement with respect to waiver had been added, viz., *consent by the state,* to bring the statute in accord with the federal constitutional rule laid down in *Patton v. United States.*[7]

Sec. 357.01, Stats., was subsequently renumbered sec. 957.01 by ch. 660, Laws of 1955.

Thus, prior to the 1961 amendment to sec. 957.01 (1), Stats., which added the last sentence thereto, it was necessary to obtain both the consent of the state and the approval of the court to effectuate a waiver of a 12-man jury in a misdemeanor prosecution. We consider it highly significant that this amendment is couched in terms of defendant's demand for a six-man jury as constituting a waiver by the defendant of a 12-man jury. The crucial question is what effect, if any, does the addition of this last sentence have on the prior requirement contained in the preceding sentence that the state must consent to and the court must approve such a waiver? To arrive at the result reached by the trial court it is necessary to hold that such requirement was repealed by the amendment.

[6] Platz, The 1949 Revision of the Wisconsin Code of Criminal Procedure, 1950 Wisconsin Law Review, 508, 512, 513.

[7] (1930), 281 U. S. 276, 50 Sup. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263. The holding in this case is now embodied in Rule 23 (a) of the Federal Rules of Criminal Procedure. See also *Singer v. United States* (1965), 380 U. S. 24, 36, 85 Sup. Ct. 783, 13 L. Ed. (2d) 630, in which the court stated that the government "has a legitimate interest" in whether or not to consent to the defendant's waiver of a jury.

We start with the premise that repeals by implication are not favored in the law.[8] This rule was well stated in *Kienbaum v. Haberny* [9] as follows:

"The doctrine of implied repeal is not favored, and an earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together."

The question of implied repeal of the requirement of consent by the state and approval of the court is beclouded by sec. 957.054, Stats., which section was newly created by ch. 561, Laws of 1961. Sec. 957.054 provides the mechanics for selecting a six-man jury and begins with the words, "If a 6-man jury *is demanded by the defendant* before the trial begins . . . ." (Italics supplied.) Standing alone this section seems to indicate that consent of the state and approval of the court are unnecessary. However, it does not stand alone but must be read in connection with sec. 957.01 (1), including the first sentence thereof.

The state has a legitimate interest in whether a 12-man jury is waived in favor of a six-man jury in a misdemeanor case. Substituting a six-man jury for a 12-man jury achieves the objective of reducing the costs of trials borne by the taxpayers. Such costs are in danger of being increased rather than reduced if the trial before a six-man jury results in an appeal to the circuit court with a trial *de novo* there before a 12-man jury as provided by sec. 958.075, Stats.[10] This is because, if there is no waiver of a 12-man jury in a misdemeanor case in county

---

[8] *Pattermann v. Whitewater*, ante, p. 350, 145 N. W. (2d) 705; *Union Cemetery v. Milwaukee* (1961), 13 Wis. (2d) 64, 71, 108 N. W. (2d) 180; *Kienbaum v. Haberny* (1956), 273 Wis. 413, 420, 78 N. W. (2d) 888.

[9] *Supra*, footnote 8.

[10] The material portions of this section read, "(1) Appeals in misdemeanor cases are to the circuit court for the county . . . . "(5) On appeal to the circuit court there shall be a trial de novo . . . ."

court, that court can transfer the case to circuit court pursuant to sec. 251.185 (2),[11] thus insuring but one jury trial. The state may well wish to decline to consent to the waiver of a 12-man jury in favor of a six-man jury in those situations where it seems likely that there will be a second 12-man jury trial in circuit court.

Defendant has attacked the wisdom of granting to the district attorney power to withhold consent to a waiver of a 12-man jury when defendant demands a six-man jury. This argument overlooks the fact that the district attorney, acting for the state, clearly possesses such power with respect to the waiver of a jury in all felony cases. Furthermore, this court has stated in *O'Neil v. State:*[12]

"The district attorney is not a mere legal attorney. 'He is a sworn minister of justice.' *State v. Russell,* 83 Wis. 330, 338, 53 N. W. 441."

Because the state does possess a legitimate interest in the waiver of a 12-man jury and substituting therefor a six-man jury, we are not persuaded that the legislature intended to abolish the requirement of such consent when in 1961 it amended sec. 957.01 (1), Stats., by adding thereto the present last sentence. While we concede it is possible to imply such abolition from the wording of sec. 957.054, we doubt that the legislature would have resorted to such a back-door approach to accomplish such an important change. Therefore, we conclude that the two sentences of sec. 957.01 (1) must be read and construed together so that consent by the state is required to effectuate a waiver of a 12-man jury in a misdemeanor case.

[11] This statute provides: "Except as provided in sub. (3) when it appears that an action pending in the county court will be tried by a 12-man jury, the county court may, by order transfer the action to the circuit court of said county, and the clerk shall transfer the file thereof to the circuit court."

[12] (1926), 189 Wis. 259, 262, 207 N. W. 280.

Inasmuch as the state in the instant misdemeanor prosecution withheld its consent to the waiver, the county court properly transferred the case to the circuit court and the circuit court was without power to rescind the transfer.

*By the Court.*—Let a peremptory writ of mandamus issue commanding the respondent to vacate the order of June 2, 1965, in the action of State of Wisconsin v. Eugene Bryan Draper and to grant a 12-man jury trial therein in circuit court.