**UNITED STATES of America ex rel. Booker Thomas COLLINS., Jr., et al., Petitioners,**

v.

**Lawrence JOZWIAK, Superintendent of the Milwaukee County House of Correction, Respondent.**

**Civ. A. No. 70–C–304.**

United States District Court, E. D. Wisconsin.

Aug. 5, 1970.

Sander N. Karp and William M. Coffey, Milwaukee, Wis., for petitioners.

Michael Guolee, Asst. Dist. Atty., Milwaukee, Wis., for respondent.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is a petition for a writ of habeas corpus brought on behalf of Booker Thomas Collins, Jr., Jesse Lee White, and Earl Walter Leverette who are all in custody of the respondent at the Milwaukee House of Correction. Their custody arises out of sentences imposed by the Circuit Court of Milwaukee County on November 4, 1969, which were based on a jury's finding that each was guilty of the offense of resisting an officer in violation of § 946.41(1), Wis.Stats. (1967). A violation of § 946.41(1) is a misdemeanor offense, and each petitioner was sentenced to the maximum imprisonment under the statute—one year.

Petitioners filed with the trial court a motion for a stay of execution of sentence pending appeal upon the furnishing of reasonable bail. This motion was denied. A similar motion addressed to the Wisconsin Supreme Court was also denied.

These two motions were based on § 958.075, Wis.Stats. (1967), which is entitled "Misdemeanor appeals from county court" and provides in part:

"(1) Appeals in misdemeanor cases are to the circuit court for the county and the defendant is entitled to a stay of execution upon furnishing bail in such reasonable sum as the county or circuit court may fix."

A stay of execution of a judgment of cretion of the judge of the circuit court. a circuit court is committed to the dis- § 958.14, Wis.Stats. (1967).

The petitioners allege that the denial of a stay of execution upon the furnishing of reasonable bail, following their conviction of a *misdemeanor* in *circuit* court, is a denial of equal protection of the laws and due process under the Fourteenth Amendment.

The prosecution of the petitioners originally commenced in the County

Court of Milwaukee County. In that court on October 16, 1969, petitioners demanded trial by a jury of twelve. Thereupon the Assistant District Attorney moved that the case be transferred from the county court to the circuit court pursuant to § 256.58, Wis.Stats. (1967). No objection was made by petitioners, and the motion was granted. In the circuit court the presiding judge designated the county judge to whom the case was originally assigned to serve as an acting circuit court judge for the purposes of trial of petitioners' case. The case was then tried and conviction resulted.

Prior to August 8, 1969, appeals from the county court to the circuit court resulted in a trial de novo. § 958.075(5), Wis.Stats. (1967). This situation gave rise to the possibility of two jury trials for the same offense. The Wisconsin Supreme Court had held that a prosecutor had the discretion to refuse to consent to a trial other than by a jury of twelve, thereby making it possible for a case to be transferred from the county court to the circuit court under § 256.58, Wis.Stats. (1967), and eliminating the possibility of a second trial. State ex rel. Sauk County Dist. Attorney v. Gollmar, 32 Wis.2d 406, 145 N.W.2d 670 (1966); State ex rel. Murphy v. Voss, 34 Wis.2d 501, 149 N.W.2d 595 (1967).

On August 8, 1969, an amendment to § 958.075(5) became effective and gave the circuit court power similar to that of the supreme court to review judgments from the county court. This resulted in circuit court review on the record rather than by trial de novo.

It is petitioners' contention that because of the amendment to § 958.075(5), it is unnecessary for a prosecutor to move to have a case involving a twelve man jury transferred to circuit court (because the possibility of a second trial on review is eliminated), and that the making of such a motion in this case had the effect of depriving petitioners of the benefits of § 958.075(1) which

grants persons convicted of misdemeanors in *county* court the right to a stay of execution upon furnishing of reasonable bail, and thereby resulted in placing petitioners in a classification that was arbitrary and discriminatory.

Evidence has been submitted, in the form of affidavits of five Milwaukee County attorneys, that since August 8, 1969, in at least five cases involving misdemeanors, jury demands have been made and there has been no transfer to the circuit court.

There is also evidence that since August 8, 1969, on at least eight occasions, there have been transfers to circuit court after a demand for a twelve man jury in a misdemeanor case in the county court. The record does indicate that in some of those situations the case was remanded to the county court for further proceedings.

 It is well settled that there is no constitutional right to bail following conviction. United States ex rel. Siegal v. Follette, 290 F.Supp. 632 (S.D.N.Y. 1968). However, when a right is given by a state legislature, even though that right is not constitutionally protected, the arbitrary denial of that right is violative of the Fourteenth Amendment. United States ex rel. Siegal v. Follette, supra. The petitioners have the burden of establishing a denial of their constitutional rights. Walker v. Bishop, 295 F.Supp. 767 (D.Ark.1967). The record in this case will not support a finding that prosecutor's motion for transfer of the case to the circuit court was motivated by any discriminatory practice, procedure, or purpose to circumvent the provisions of § 958.075(1). It cannot be determined from this record that the denial of bail after conviction in the circuit court was arbitrary.

Now, therefore, based on the foregoing,

It is ordered that the petition for a writ of habeas corpus must be and it is hereby denied.