Gordon, J.
 

 “We are in bondage to the law in order that we may be free.”
 

 —Cicero,
 

 Pro Cluentio 53
 

 In a significant series of cases, the United States supreme court has made it unmistakably clear that warrants for search or for arrest must meet certain minimum standards under the Fourth amendment to the United States constitution.
 
 Jaben v. United States
 
 (1965), 381 U. S. 214, 85 Sup. Ct.
 
 *598
 
 1365, 14 L. Ed. (2d) 345;
 
 United States v. Ventresca
 
 (1965), 380 U. S. 102, 85 Sup. Ct. 741, 13 L. Ed. (2d) 684;
 
 Aguilar v. Texas
 
 (1964), 378 U. S. 108, 84 Sup. Ct. 1509, 12 L. Ed. (2d) 723;
 
 Giordenello v. United States
 
 (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. (2d) 1503;
 
 Johnson v. United States
 
 (1948), 333 U. S. 10, 68 Sup. Ct. 367, 92 L. Ed. 436;
 
 Nathanson v. United States
 
 (1933), 290 U. S. 41, 54 Sup. Ct. 11, 78 L. Ed. 159.
 

 The guaranties of the Fourth amendment are enforceable against the states through the due-process clause of the Fourteenth amendment.
 
 Ker v. California
 
 (1963), 374 U. S. 23, 30, 83 Sup. Ct. 1623, 10 L. Ed. (2d) 726;
 
 Mapp v. Ohio
 
 (1961), 367 U. S. 643, 655, 81 Sup. Ct. 1684, 6 L. Ed. (2d) 1081;
 
 Browne v. State
 
 (1964), 24 Wis. (2d) 491, 502, 129 N. W. (2d) 175, 131 N. W. (2d) 169. These guaranties apply to warrants of arrest as well as to search warrants.
 
 Wong Sun v. United States
 
 (1963), 371 U. S. 471, 481, 83 Sup. Ct. 407, 9 L. Ed. (2d) 441;
 
 Giordenello v. United States, supra,
 
 at page 485.
 

 As a result of the United States supreme court cases, it is constitutionally essential that the magistrate be mindful of the underlying circumstances before he authorizes the issuance of a warrant. The magistrate may not accept without question the suspicions or conclusions of a complainant but, on the contrary, must determine the existence of probable cause after being apprised of the relevant facts. In performing this function, the magistrate or court commissioner serves as a judicial officer and must act in a neutral and detached manner. He must receive an adequate answer to this hypothetical question: “What makes you think that the defendant committed the offense charged?”
 
 Jaben v. United States
 
 (1965), 381 U. S. 214, 224, 85 Sup. Ct. 1365, 14 L. Ed. (2d) 345.
 

 
 *599
 
 The underlying facts need not be derived solely from the written complaint. Nevertheless, upon review it must appear that sufficient facts were brought to the magistrate’s attention even though they are not contained in the written complaint. In the
 
 Jaben Case,
 
 at page 224, Mr. Justice Harlan stated that what was required was
 

 “. . . that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.”
 

 In
 
 Giordenello v. United States
 
 (1958), 357 U. S. 480, 486, 78 Sup. Ct. 1245, 2 L. Ed. (2d) 1503, the rule was framed as follows:
 

 “The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant’s mere conclusion that the person whose arrest is sought has committed a crime.”
 

 In
 
 Aguilar v. Texas
 
 (1964), 378 U. S. 108, 112, 84 Sup. Ct. 1509, 12 L. Ed. (2d) 723, the court stated that
 
 Giordenello
 
 did not depend upon a requirement of the Federal Rules of Criminal Procedure but rather was based upon constitutional requirements of probable cause as expressed in the Fourth amendment.
 

 We have scrutinized the manner in which the warrant in the instant case was issued. The respondent has urged that the relevant constitutional requirements do not apply to civil actions. Two basic challenges are made by the appellant. It is claimed, first, that the complaint is insufficient to show the presence of probable cause and, secondly, that the corporation counsel is not a disinterested, neutral officer who is entitled to issue a, warrant.
 

 
 *600
 
 1.
 
 Arrest in a Civil Action.
 

 Under sec. 52.45, Stats., a paternity action is a civil special proceeding; the defendant was arrested as a result of a warrant issued pursuant to sec. 52.25.
 

 Neither the Fourth amendment to the United States constitution nor sec. 11, art. I of the Wisconsin constitution distinguishes between civil and criminal cases as far as the issuance of warrants is concerned; we perceive no distinction. The right of an individual to be protected from improper arrests or searches applies with equal vitality to those which stem from civil actions as well as those which stem from criminal actions. The immediate impact on the individual is precisely the same whether the arrest arises from one type of case or the other. See
 
 One 1958 Plymouth Sedan v. Pennsylvania
 
 (1965), 380 U. S. 693, 85 Sup. Ct. 1246, 14 L. Ed. (2d) 170.
 

 2.
 
 The Showing of Probable Cause.
 

 The complaint in the case at bar contains a declaration of the expectant mother, pursuant to sec. 52.25, Stats., that “she is pregnant with a child, which, when born is likely to be born out of wedlock” and “that the defendant above named is the father of said child.” The record does not contain any further disclosure of additional information which may have been brought to the attention of the assistant corporation counsel who authorized the issuance of the warrant.
 

 The complaint was made by one who had direct knowledge of the facts. We believe that the unmarried mother’s affidavit that the defendant was the father of the child with which she was then pregnant sets forth a sufficient basis for a finding of probable cause. This would not be true, however, if the complaint were made upon information and belief or if
 
 *601
 
 the complaint purported to assert a crime which required a specific intent.
 

 As noted above, in
 
 Giordenello,
 
 at page 486, the court observed that a magistrate should not accept the “mere conclusion” of a complainant that a crime has been committed by the person whose arrest is sought. However, in a paternity complaint, the essential facts are that the woman is pregnant with a child which will be (or has been) born out of wedlock and that the defendant is the responsible male. More artfully, her complaint should have asserted the facts rather than her conclusion. We do not regard the distinction as constitutionally fatal in a paternity complaint.
 

 3.
 
 The District Attorney as Magistrate.
 

 In the case at bar, the arrest warrant was authorized by an assistant corporation counsel. This is authorized by secs. 52.22 and 52.25, Stats. As to counties having a population of over 500,000, the former section of the statutes imposes upon the corporation counsel or his assistants the powers and duties conferred upon the district attorney.
 

 We must determine whether a district attorney is the equivalent of a neutral and detached magistrate who may constitutionally be empowered to authorize the issuance of the warrant. Our conclusion is that he is not. In
 
 Johnson v. United States
 
 (1948), 333 U. S. 10, 13, 68 Sup. Ct. 367, 92 L. Ed. 436, Mr. Justice Jackson, speaking for the court, commented as follows:
 

 “The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.”
 

 
 *602
 
 The effect of this rule is to interpose the impartial judgment of a judicial officer between the citizen and the police and also between the citizen and the prosecutor, so that ah individual may be secure from an improper search or an improper arrest.
 

 We recognize that the district attorney holds an office of great dignity and that in some respects he has quasi-judicial responsibilities. His decision to initiate prosecution or to refuse to do so is, in a sense, a judicial determinaton. See
 
 O’Neil v. State
 
 (1926), 189 Wis. 259, 261, 207 N. W. 280. He is a “sworn minister of justice.”
 
 State v. Russell
 
 (1892), 83 Wis. 330, 338, 53 N. W. 441.
 

 It is one thing to acknowledge that a district attorney is capable of making quasi-judicial judgments; it is a vastly different thing to assert that as a government enforcement agent he can qualify as the neutral, deliberate, and impartial magistrate who is authorized to determine probable cause under the Fourth amendment within its meaning and spirit as interpreted by the United States supreme court.
 

 The disqualification of the district attorney under the Fourth amendment is as necessary in a paternity proceeding under the Wisconsin statutes as in a criminal case. We note that the corporation counsel is obligated to prosecute the putative father if the mother of the illegitimate child fails to do so under sec. 52.23, Stats. In our opinion, the determination of the district attorney does not constitute the determination of a neutral and detached magistrate, as required in
 
 Johnson v. United States
 
 (1948), 333 U. S. 10, 14, 68 Sup. Ct. 367, 92 L. Ed. 436. It is only an impartial magistrate who can accomplish “the essential purpose of the Fourth Amendment to shield the citizen from unwarranted intrusions into his privacy.”
 
 Jones v. United States
 
 (1958), 357 U. S. 493, 498, 78 Sup. Ct. 1253, 2 L. Ed. (2d) 1514.
 

 With reference to the issuance of process, sec. 954.01 (2), Stats., provides that “district attorneys are not magistrates.
 
 *603
 
 . . .” However, under sec. 954.02 (4), a district attorney may initiate a prosecution by issuing a summons instead of a warrant. It is defensible to permit a corporation counsel or district attorney to issue a summons even though he may not issue a warrant, because a summons (unlike a warrant) does not authorize an arrest.
 

 By the Court.
 
 — Order reversed.