STATE EX REL. OSTROWSKI, Petitioner, v. BURKE, Warden, Respondent.

*December 15, 1966.*

---

[2] On spot zoning generally, see 1 Rathkopf, The Law of Zoning and Planning, ch. 26.

*Gene Raymond Ostrowski, pro se,* for the petitioner.

PER CURIAM. Gene Raymond Ostrowski was convicted of the crime of third-degree murder under sec. 940.03, Stats., on June 25, 1962, in the circuit court for Milwaukee county, the Honorable HERBERT J. STEFFES presiding. Ostrowski was represented by Attorney Ronald Pachefsky and pleaded guilty to the charge. The killing occurred during an attempted robbery, but the armed-robbery charge was dropped. Ostrowski was sentenced to an indeterminate term of not more than twenty years.

Ostrowski previously brought a petition for the issuance of a writ of *habeas corpus.* In this earlier petition Ostrowski alleged that he was denied counsel during an extensive interrogation which resulted in incriminatory statements. Ostrowski also alleged that his guilty plea was not voluntarily and understandingly made. A return was ordered and the record of Ostrowski's trial was extensively examined. Our court held that the guilty plea was understandingly made because the record clearly shows that petitioner could not have been misled as to the possible penalty.

Ostrowski now petitions this court again for a writ of *habeas corpus,* alleging two grounds:

(1) His arrest was improperly procured in violation of the Fourth and Fourteenth amendments, United States constitution.

(2) He is denied due process of law by being sentenced to a term greater than the maximum permitted by sec. 940.03, Stats.

As to the first contention defendant appeared in court with counsel and pleaded guilty voluntarily and understandingly.

Under *State ex rel. La Follette v. Raskin* [1] our court states the rule as follows:

". . . [A] defendant who has appeared in court with counsel without contesting the validity of the arrest, has submitted to the jurisdiction of the court and has waived his right to attack the arrest warrant."

Nothing was said at trial as to the illegality of the arrest. Hence, any impropriety in arresting petitioner Ostrowski has been waived.

Petitioner also contends that he was deprived of due process of law because his sentence was longer than the maximum permitted by sec. 940.03, Stats. Petitioner contends that the maximum sentence permitted by sec. 940.03 is fifteen years and his sentence was for an indeterminate term not to exceed twenty years. However, sec. 940.03 states:

"940.03 **Third-degree murder.** Whoever in the course of committing or attempting to commit a felony causes the death of another human being as a natural and probable consequence of the commission of or attempt to commit the felony, may be imprisoned not more than 15 years in excess of the maximum provided by law for the felony."

Under this statute the maximum is not limited to fifteen years. The murder occurred while petitioner was committing a robbery, a felony with a maximum penalty of at least ten years under sec. 943.32, Stats. Judge STEFFES correctly concluded that he could sentence petitioner to a maximum of twenty-five years and petitioner's sentence is well within this maximum.

The petition for writ of *habeas corpus* is denied.

[1] (1966), 30 Wis. (2d) 39, 47, 139 N. W. (2d) 667.