**Arnold Grover SCHMEAR, 15840–A, Petitioner,**

**v.**

**John R. GAGNON, Warden, Wisconsin Correctional Institution, Respondent.**

**No. 67–C–100.**

United States District Court
W. D. Wisconsin.
Nov. 9, 1967.

Paul R. Nesson, Jr., Madison, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus in which petitioner, an inmate of a Wisconsin correctional institution, claims that he is held in custody in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

Petitioner was convicted of the crime of rape in violation of § 944.01, Wis. Stats. He was sentenced to an indeterminate term of not more than ten years. Upon direct appeal, the conviction was affirmed by the Wisconsin Supreme Court in State v. Schmear, 28 Wis.2d 126, 135 N.W.2d 842 (1965). A petition for a writ of habeas corpus in the state court was denied.

A second petition for habeas corpus was filed in the state court alleging that evidence seized pursuant to an arrest was inadmissible at trial because the warrant was improperly issued. Substantially the same question is presently raised here.

The Wisconsin Supreme Court referred the matter to the Circuit Court for Jefferson County to hear, try and determine the issues of fact raised by the pleadings. A full evidentiary hearing was conducted before the Honorable Henry G. Gergen, Jr. Judge Gergen executed and reported certain findings of fact.

The Wisconsin Supreme Court, in State ex rel. Schmear v. Gagnon, 35 Wis. 2d 447, 151 N.W.2d 20, 21 (1967), denied petitioner's second habeas corpus application. It therefore appears, and I find, that petitioner has exhausted the remedies available in the courts of the State of Wisconsin as required by 28 U.S.C. § 2254(b).

In his *pro se* petition to this court petitioner claims that evidence obtained pursuant to an invalid arrest warrant was admitted at his trial, and that the arrest warrant was constitutionally defective because it was executed by the district attorney and not by a neutral and detached magistrate.

Leave was granted to file the petition in *forma pauperis,* respondent was directed to respond to the said petition, and a response was filed. Paul R. Nesson, Jr., of Madison, Wisconsin, was appointed by this court as attorney to represent petitioner. The court expresses its appreciation to Mr. Nesson, who has given his time and effort without compensation.

The parties have agreed that no further evidentiary hearing is needed. The cause has been submitted on the pleadings, the transcript of the Wisconsin state court proceedings and the exhibits received therein, and on the briefs and oral argument.

■ From an examination of the entire record it appears that petitioner did receive a full and fair hearing before Judge Gergen in the state proceeding and that the state court has reliably found the relevant facts. Under 28 U.S.C. § 2254(d), unless some defect in the state court hearing or findings of fact is established or otherwise appears, the state court findings of fact shall be presumed to be correct. It has not been alleged, nor has it otherwise appeared, that there exists any defect in the state court hearing and subsequent findings of fact. Those findings of fact are hereby presumed to be correct. In pertinent part, they are:

(1) Petitioner was arrested upon a warrant charging forcible rape issued by the District Attorney of Jefferson County.

(2) Pursuant to this arrest petitioner's T-shirt, trousers, yellow shirt and shorts were seized and transmitted to the state crime laboratory for examination.

(3) A criminologist employed by the state crime laboratory testified at trial with respect to her laboratory examinations of the clothing. She testified that she was able to identify stains on the clothing as blood and semen stains.

(4) 'The failure to object on search and seizure grounds was not a strategic maneuver, but rather was based upon the conclusion of the petitioner's attorney that he did not have a chance to prevail on such a motion.

(5) Petitioner was thereafter convicted and committed to the Wisconsin State Prison for a period of ten years.

■ Respondent has conceded at oral argument that if it was error to receive in evidence at the trial the clothing obtained pursuant to the execution of the arrest warrant, the error was not harmless.

"Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently." Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963).

■ Deferring to the state court's findings of fact, and applying the federal law independently, I hold petitioner was arrested upon a warrant which was invalid because it was issued by a district attorney and not by a neutral and detached magistrate.

The Fourth Amendment to the United States Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

■■ The guaranties of the Fourth Amendment apply to the states through the due process clause of the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). These guaranties apply to arrest warrants as well as search warrants. Wong Sun v. United States, 371 U.S. 471, 481, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Giordenello v. United States, 357 U.S. 480, 485–486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

In Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), at pages 13 and 14, 68 S.Ct. at page 369, the United States Supreme Court declared:

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

\* \* \* \* \* \*

"When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent."

■ It is the conclusion of this court that a district attorney is not a judicial officer, nor is he the equivalent of a "neutral and detached magistrate." I join with the sentiment expressed by the Wisconsin Supreme Court in its opinion in State ex rel. White v. Simpson, 28 Wis.2d 590, 137 N.W.2d 391 (1965), when it stated at page 598, 137 N.W.2d at page 394:

"We recognize that the district attorney holds an office of great dignity and that in some respects he has quasi-judicial responsibilities. His decision to initiate prosecution or to refuse to do so is, in a sense, a judicial determination.

\* \* \* \* \* \*

"It is one thing to acknowledge that a district attorney is capable of making quasi-judicial judgments; it is a vastly different thing to assert that as a government enforcement agent he can qualify as the neutral, deliberate, and impartial magistrate who is authorized to determine probable cause under the Fourth Amendment within its meaning and spirit as interpreted by the United States supreme court.

\* \* \* \* \* \*

"In our opinion, the determination of the district attorney does not constitute the determination of a neutral and detached magistrate, as required in Johnson v. United States (1948) \* \* \* \*"

Confirming the principle in Johnson v. United States, supra, the United States Supreme Court recently stated its view of the critical nature of the function of the magistrate:

"Although the reviewing court will pay substantial deference to judicial determinations of probable cause, the court must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964).

Schmerber v. California, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed.2d 908 (1966), emphasizes "the importance of informed, detached and deliberate determinations of the issue" by a " 'neutral and detached magistrate' ". See also Giordenello v. United States, supra at 486, 78 S.Ct. 1245.

**8**

■ The warrant for this petitioner's arrest, therefore, was invalid because it was not issued by a magistrate. The seizure of certain evidence, pursuant to the arrest based on the invalid warrant, was improper. The receipt of this evidence at the trial was prejudicial error. Petitioner's conviction, therefore, was obtained in violation of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The petition for a writ of habeas corpus is granted, and the petitioner will be ordered discharged from custody under the present judgment of conviction. Execution of the order will be stayed for a period of thirty days, however, to afford the respondent opportunity to appeal from this ruling.