Arnold Grover SCHMEAR, Petitioner-Appellee,

v.

John R. GAGNON, Warden, Wisconsin Correctional Institution, Respondent-Appellant.

No. 16669.

United States Court of Appeals Seventh Circuit.

May 27, 1968.

Bronson C. LaFollette, Atty. Gen. of Wisconsin, William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellant.

Paul R. Nesson, Madison, Wis., for appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and SWYGERT, Circuit Judges.

DUFFY, Senior Circuit Judge.

Appellee Schmear (petitioner) was arrested on November 9, 1963, on a warrant issued by the district attorney of Jefferson County, Wisconsin. The warrant was issued pursuant to Section 954.01 and 954.02(3) and (5), Wisconsin Statutes 1963.[1] The crime charged was forcible rape.

At the time of the arrest, certain clothing of appellee was seized and was sent to the Wisconsin State Crime Laboratory for examination. At the trial, no objection was made to the receipt of the clothing into evidence and to the testimony of the State Crime Laboratory technician on the ground of illegal search and seizure. Objections were made on other grounds and these objections were overruled.

Appellee's conviction was affirmed by the Wisconsin Supreme Court on June 25, 1965. State v. Schmear, 28 Wis.2d 126, 135 N.W.2d 842. Thereafter, on November 2, 1965, the Wisconsin Supreme Court held that district attorneys were not competent to issue warrants of arrest. State ex rel. White v. Simpson, 28 Wis.2d 590, 597–598, 137 N.W.2d 391. The decision was based on federal constitutional grounds. In State ex rel. LaFollette v. Raskin, 30 Wis.2d 39, 55, 139 N.W.2d 667 (1966), the Wisconsin Supreme Court refused to apply White retroactively.

Thereafter, appellee brought habeas corpus proceedings in the Wisconsin Supreme Court. The basis of his petition was that the district attorney's warrant in his case was invalid and therefore, the seizure of his clothing and evidence

based thereon was illegal and should have been excluded at his trial.

However, the Wisconsin Supreme Court declined to apply the rule of State ex rel. White v. Simpson, supra, retroactively and suppress the evidence. Therefore, the Court denied the issuance of the writ. State ex rel. Schmear v. Gagnon, 35 Wis.2d 447, 151 N.W.2d 20 (1967). The United States Supreme Court has never expressly held that district attorneys are incompetent to issue warrants.

In the proceeding now before us, the District Court held that appellee's arrest was illegal because the warrant was not issued by a magistrate and, therefore, the evidence seized pursuant to the arrest, was inadmissible and in violation of due process of law under the Fourteenth Amendment. The Court's opinion did not deal with the question of retroactive application of the rule of State ex rel. White v. Simpson, supra. However, the effect of the District Court's opinion is to apply the rule of White retroactively since the trial of this case preceded White. The appellee urges here that the rule of the White decision must be given retroactive application, and therefore, the evidence seized as an incident to the arrest, must be suppressed.

Petitioner argues that the United States Supreme Court has interpreted the Fourth Amendment as requiring issuance of warrants solely by neutral and detached magistrates. Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Giordenello v. United States, 357 U.S. 480, 485–486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Aguilar v. State of Texas, 378 U.S. 108, 112–113, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In Giordenello, the Court emphasized that the language of the Fourth Amendment applies to arrest as well as to search warrants.

1. Sec. 954.01 provides: "For the arrest of persons accused of crime, the judges of courts of record, court commissioners, justices of the peace, district attorneys * * * are authorized to issue process."

The officials mentioned in Sec. 954.01 (except district attorneys) are referred to generally in Chapters 954 to 963 as magistrates.

In *Raskin,* supra, the Wisconsin Supreme Court refused to apply the rule of *White* retroactively for several reasons: 1) The United States Supreme Court has not held that district attorneys are incompetent to issue warrants; 2) the Court did not wish to release at this late date many hundreds of defendants who have been tried and convicted under a procedure specifically authorized by the Wisconsin Statutes, and 3) the fact-finding or truth determining process at those trials which had been completed was not endangered because a district attorney issued the arrest warrant. This, of course, is a much different situation than where a defendant's confession has been coerced or where he has been denied the right to counsel at trial. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

We have excellent authority for not applying the rule of State ex rel. White v. Simpson, supra, retroactively.

█ █ On a number of occasions, the United States Supreme Court has refused to apply new criminal rules or decisions retroactively when the integrity of the fact-finding process of the trial has been safe-guarded. In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Court refused to apply the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) retroactively. In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the Court held that the rule of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) would not be applied retroactively. *Griffin* held that the prosecution cannot comment on the defendant's failure to testify on his own behalf in a criminal trial because such comment violates the defendant's privilege against self-incrimination. In Johnson et al. v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Court held that the rule of Escobedo

v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) would not be applied retroactively. If the important legal principles of these cases were not applied retroactively, we feel we should apply the State ex rel. White v. Simpson doctrine prospectively only.

We think the Wisconsin Supreme Court was rightly concerned that retroactive application of State ex rel. White v. Simpson, supra, would open to attack hundreds and possibly thousands of state criminal convictions. In a great many of these cases, the injured victims and important witnesses are dead, and a new trial would be impracticable.

The judgment of the District Court granting the petition of Arnold Grover Schmear for a writ of habeas corpus is

Reversed.