Gene Raymond Peter OSTROWSKI,
Petitioner-Appellant,

v.

John C. BURKE, Respondent-Appellee.

No. 16788.

United States Court of Appeals
Seventh Circuit.

Oct. 18, 1968.

Charles F. Polidori, Milwaukee, Wis., for appellant.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen., Madison, Wis., for appellee.

Before HASTINGS, Circuit Judge, KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

Petitioner is seeking a writ of habeas corpus. After receiving the response to the petition the District Court refused to issue the writ. The Supreme Court of Wisconsin had previously denied a similar petition (State ex rel. Ostrowski v. Burke, 33 Wis.2d 151, 146 N.W.2d 809 (1966)) as well as an earlier one raising different grounds (unreported).

In 1962, petitioner was charged with first degree murder and armed robbery and, with the advice of appointed counsel, pleaded not guilty. The State of Wisconsin concluded that the charge of murder in the first degree could not be sustained. With the consent of petitioner and his counsel, the State was permitted to file an amended information charging murder in the third degree,

namely, causing a death during the course of an unarmed robbery. Petitioner pleaded guilty to this charge. After being told by the trial court that he would be "subject to a possible penalty that can extend up to twenty-five years to The State Prison at Waupun," he was sentenced to an indeterminate term of not more than 20 years, and the armed robbery charge was dropped.

Petitioner first asserts that the writ of habeas corpus should have been granted because the warrant of arrest was issued by the district attorney, through a deputy court clerk, instead of by a disinterested magistrate. Several years after petitioner's conviction, in State ex rel. White v. Simpson, 28 Wis. 2d 590, 137 N.W.2d 391 (1965), the Wisconsin Supreme Court held on federal constitutional grounds that district attorneys are not competent to issue warrants of arrest in Wisconsin. However, the State Supreme Court refused to apply the *White* rule retroactively.[1] Just last Term, this Court also held that the *White* rule should not be applied retroactively. Schmear v. Gagnon, 396 F.2d 786 (7th Cir.1968). We adhere to that decision.

Petitioner also urges that he was denied due process and equal protection of the law on the grounds that (1) the third degree murder statute misled him into believing that the maximum penalty allowable was 15 years and (2) the 20-year sentence punished him for the dropped armed robbery charge.

Section 940.03 of the Wisconsin Statutes provides:

> "*Third-degree murder.* Whoever in the course of committing or attempting to commit a felony causes the death of another human being as a natural and probable consequence of the commission of or attempt to commit the felony, may be imprisoned not more than 15 years in excess of the maximum provided by law for the felony."

1. State ex rel. La Follette v. Raskin, 30 Wis.2d 39, 139 N.W.2d 667 (1966).

Under Section 943.32 of the Wisconsin Statutes, the maximum penalty for unarmed robbery is 10 years. Therefore, as the trial judge carefully explained to petitioner, the maximum penalty for causing a death during the commission of an unarmed robbery is 25 years. The petitioner told the court that he so understood. His appointed counsel had previously explained "all the potential consequences so far as penalty is concerned." The trial judge's earlier warning to petitioner that he was subject to a possible penalty of 25 years also belies his present claim that he thought only a 15-year sentence could be imposed.

In now contending that the trial court imposed a higher sentence than permitted by Section 940.03, petitioner relies on the following statement of the sentencing judge:

"* * * I am going to impose a penalty that I consider fair under all the circumstances—something less than murder in the second and *something more than murder in the third penalty* —a penalty which I think is equitable from all standpoints, to-wit: a penalty of twenty years" (emphasis supplied).

Read in context, the court was simply stating that the 20-year sentence was less than the 25-year maximum for second degree murder under Section 940.02 [2] and more than the 15 years mentioned in Section 940.03.

■■ As to petitioner's double punishment argument, his guilty plea admitted the unarmed robbery specified in the amended information. It is clear that the third degree murder statute was intended to punish both the felony and the death caused during its commission. State v. Carlson, 5 Wis.2d 595, 93 N.W. 2d 354 (1958). Under *Carlson*, the State could not charge petitioner with unarmed robbery and third degree murder because "if the two proceedings had been tried separately, jeopardy in the first would have been a defense in the second" (5 Wis.2d at p. 608, 93 N.W. 2d at p. 361).[3]

■ Finally, as the State pointed out at the oral argument, it is immaterial that sentences under Section 940.03, the third degree murder provision, may sometimes be higher than the 25-year maximum permissible under Section 940.02, the second degree murder provision. Section 990.001(6) of the Wisconsin Statutes provides that Section titles "are not part of the statutes." It was the Wisconsin legislature's prerogative to classify the conduct proscribed by Section 940.03 as sometimes more reprehensible than Section 940.02 conduct. There is no due process requirement that the punishment meted out by Section 940.03 be less than the Section 940.02 punishment. Furthermore, petitioner received a lesser sentence than the maximum for a second degree murder.

The Court wishes to express its appreciation to Charles F. Polidori of the Milwaukee Bar for his conscientious services here as appointed counsel for petitioner.

The judgment of the District Court denying the petition for a writ of habeas corpus is affirmed.

2. Section 940.02 provides:
   "*Second-degree murder.* Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not less than 5 nor more than 25 years."

3. Section 939.66(1) of the Wisconsin Statutes would likewise prohibit conviction of the unarmed robbery since it was the included crime. In pertinent part, Section 939.66 provides:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both * * *."

It is of no consequence that the charge of armed robbery was dropped. The amended information covered the victim's death during an unarmed robbery. Under Section 943.32, robbery and unarmed robbery are separate and distinct offenses carrying different penalties.