**Rudolph Lavon WATKINS, Petitioner-Appellant,**

v.

**John R. GAGNON, Warden, Wisconsin Correctional Institution, Respondent-Appellee.**

**No. 18385.**

United States Court of Appeals, Seventh Circuit.

Nov. 2, 1970.

Rehearing Denied Dec. 3, 1970.

------♦------

Rudolph Lavon Watkins, in pro. per.

Robert W. Warren Atty. Gen., William A. Platz, Mary V. Bowman Asst. Attys. Gen., Madison, Wis., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, CUMMINGS and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

Petitioner is in custody as the result of a conviction in a Wisconsin state court of the crimes of armed robbery and attempted murder. Two terms of thirty years' imprisonment were imposed, such sentences to be served consecutively.

The conviction of petitioner was affirmed by the Wisconsin Supreme Court, State v. Watkins, 39 Wis.2d 718, 159 N.W.2d 675 (1968). Thereafter, that Court denied a petition for a Writ of Habeas Corpus. Unpublished opinion No. 69/83, July 22, 1969.

The circumstances under which the robbery occurred as well as the shooting of a police officer, are set forth in detail in State v. Watkins, *supra,* and need not be discussed in detail here. Suffice it to say, that during his trial, petitioner maintained he took part in the robbery only for the purpose of obtaining information for the police.

On the morning after the robbery, defendant went to the police station. He gave the police a statement admitting his participation in the robbery, but exculpating himself. Then, accompanied by police, he went to his apartment and directed them to the location of a pistol and a hat which were lying in some bushes outside of the apartment building.

During the trial, the state attempted to introduce portions of petitioner's statement given to the police. Petitioner's attorney objected. In the absence of the jury, court and counsel had considerable discussion after which the state withdrew the question. The jury never heard any part of the petitioner's statement.

At the trial, petitioner was represented by two court-appointed attorneys. Petitioner discharged one of these due to a disagreement over trial strategy. However, his second lawyer vigorously pursued his client's defense theory of "feigned accomplice."

The pistol which was found outside of the apartment building was received in evidence over the objection of counsel for co-defendant Young. No objection was made by petitioner's counsel, but petitioner now claims error in this respect.

We hold there was no error in this respect for it is clear from the record before us that the search in the bushes (evergreens) was conducted with petitioner's consent. It also seems clear that petitioner did not have custody of the property where the pistol was found.

The principal point urged by petitioner for reversal here is that the warrant under which petitioner was arrested was invalid under State ex rel. White v. Simpson, 28 Wis.2d 590, 137 N.W.2d 391, which held that a warrant similar to the one under which petitioner was arrested, was invalid.

We cannot here consider the objection which is based on the decision in the *White* case. Petitioner was arrested January 19, 1965. *White* was decided November 2, 1965. We have heretofore decided that *White,* is prospective only. Schmear v. Gagnon, 396 F.2d 786 (7 Cir.,

1968). The Wisconsin Supreme Court reached the same conclusion in State ex rel. LaFollette v. Raskin, 30 Wis.2d 39, 139 N.W.2d 667.

In petitioner's 36-page typewritten brief and in his reply brief, he has raised numerous objections which we shall not discuss individually. Suffice it to say, we have considered each of them but none of them nor a combination of them is sufficient to warrant a reversal.

The petition for a Writ of Habeas Corpus was properly denied. The judgment of the District Court is

Affirmed.