Thomas James **WHITTY**, Petitioner-Appellant,

v.

**STATE OF WISCONSIN** and **Wilbur J. Schmidt**, Secretary of Department of Health and Social Services, Respondents-Appellees.

No. 18147.

United States Court of Appeals, Seventh Circuit.

Dec. 30, 1970.

Percy L. Julian, Jr., Anthony J. Theodore, Madison, Wis., Jack Greenberg, Michael Meltsner, William L. Robinson, New York City, Robert H. Friebert, Milwaukee, Wis., for petitioner-appellant.

Robert W. Warren, Atty. Gen., Jeffrey B. Bartell, William A. Platz, Asst. Attys. Gen., Madison, Wis., for respondents-appellees.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

KNOCH, Senior Circuit Judge.

Petitioner-Appellant, Thomas James Whitty, has appealed to this Court from denial of his petition for writ of habeas corpus in the District Court for the Eastern District of Wisconsin.

Petitioner bases his claim on alleged constitutional violations at his trial in the Circuit Court of Milwaukee County, Wisconsin, on a charge of indecent behavior with a female under the age of sixteen years. The jury found him guilty. He is presently at the Wisconsin State Prison serving an indeterminate term under the custody of the Department of Health and Social Services. His conviction was affirmed by the Supreme

Court of Wisconsin, 1967, 34 Wis.2d 278, 149 N.W.2d 557, cert. den. 1968, 390 U.S. 959, 88 S.Ct. 1056, 19 L.Ed.2d 1155.

■ The Wisconsin Supreme Court agreed that Petitioner had a right to reasonable bail and without deciding whether bail at the figure initially set was or was not reasonable, condemned as improper the conditioning of a reduction in bail for him on his waiver of a preliminary hearing. The Wisconsin Supreme Court, however, concluded, as we do, that there was no showing of a reasonable possibility of prejudice arising from this error and held that this was not denial of a right so basic to fair trial that it must be conclusively presumed to be reversible error.

Petitioner agrees that there is no general constitutional right to a preliminary examination but he feels that the right is so substantial (where preliminary examinations are used) as to become constitutional in nature, drawing an analogy from Spevack v. Klein, 1967, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574, where an attorney was disbarred because he invoked his constitutional privilege against self-incrimination in a proceeding to discipline him, without regard to whether the privilege was or was not applicable to the documents he insisted on withholding. We do not recognize this analogy as valid.

Petitioner argued here, and in the Wisconsin Supreme Court, that he lost valuable by-products of a preliminary hearing by way of discovery. The evidence adduced at the trial in the State's case in chief demonstrates that Petitioner would not have been discharged for lack of evidence. See Coleman v. State of Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, where the United States Supreme Court decided that the accused was improperly denied counsel at his preliminary hearing, but remanded the cause (399 U.S. 11, 90 S.Ct. 1999) to the Alabama Court to determine in the first instance whether denial of counsel was harmless error under Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Here the Wisconsin Supreme Court has considered this issue and decided it adversely to Petitioner. Mr. Justice White's concurring opinion in Coleman noted (399 U.S. 18, 90 S.Ct. 1999) that the possibility of counsel's having detected preclusive flaws in the State's probable cause showing was for practical purposes mooted by the trial evidence. That comment is equally applicable to the case before us.

It is pure speculation to conjecture, as Petitioner does, that the State would have disclosed in such a preliminary hearing the evidence used in rebuttal on which another of Petitioner's major contentions is based.

In the course of its case in chief the prosecution adduced evidence that the victim on the day of the offense was approached by a man, whom she identified as Petitioner, who induced her to enter the basement where the offense occurred by asking her to help him find a black and white rabbit.

■ The defense presented a series of witnesses who testified that they had seen Petitioner elsewhere than at the scene of the crime at various times during the late afternoon and evening of the day of the offense. Testimony was elicited on cross-examination and on rebuttal concerning the addresses of the places where Petitioner was seen and in some instances their distance from the site of the offense.

Petitioner himself testified to the same effect as to his whereabouts during the period involved and denied any part in the events described by the prosecution witnesses. On cross-examination he said that he did not talk about a rabbit to anybody on that day or at any other time and specifically denied speaking to a little girl named Cynthia Regner on May 21, 1965, the day before the offense in question, or telling her that he was looking for a black and white rabbit.

Over objection of defense counsel, Cynthia Regner was allowed to testify,

after other rebuttal witnesses, that a man, who she identified as Petitioner, approached her in the early evening of May 21, 1965 and asked her if she wanted to see a rabbit. She said she went into the basement with him where he knelt and put his hands on her waist, but that the vacuum cleaner her mother was using above suddenly stopped and the man ran upstairs.

The jury was cautioned by the Trial Judge that this evidence was not offered as proof of Petitioner's guilt of the offense charged and that the jury was not to consider the testimony as in anywise indicating that any offense was committed by the Petitioner on that occasion, the testimony being admitted for the limited purpose of identification because Petitioner's identification has been put in issue by the alibi witnesses.

Over objection of defense counsel, the child's mother was allowed to testify that her daughter told her of this incident that same evening. Petitioner was recalled and he denied all aspects of Cynthia Regner's testimony.

Petitioner argues that deprivation of the invaluable discovery device which a preliminary hearing affords has not been and cannot be shown harmless here as we can never ascertain what defense counsel would have gained by a preliminary hearing. For example, he points to the brief cross-examination of Cynthia Regner, which he considers indicative of the harm done by what the Wisconsin Supreme Court viewed as harmless error. The brief cross-examination could easily have resulted from a decision in legal tactics not to emphasize the child's testimony on direct by having her repeat it on cross-examination.

With respect to the evidence of Cynthia Regner and her mother, Petitioner contends he was unfairly surprised by testimony of prior misconduct, the admission of which constituted denial of due process, even assuming that its probative value justified its admission despite possibilities of prejudice to the Petitioner, as no prior notice was given that the prosecution intended to introduce evidence that Petitioner had committed similar offenses against others. Petitioner states he learned of the existence of this evidence midway into the trial, the day before it was presented, too late to find witnesses to testify to his whereabouts at the times involved.

At the trial, objection to Cynthia Regner's testimony was based on the asserted incompetence of the witness and of the proof, and its contended irrelevance, immateriality and impropriety as rebuttal.

In this Court, Petitioner stresses the element of surprise and urges imposition on state courts of a rule adopted in Minnesota which calls for prior notice within a reasonable time before trial that the prosecutor intends to introduce evidence that defendant has committed similar offenses against others. State v. Spreigl, 1965, 272 Minn. 488, 139 N.W. 2d 167, 173. Petitioner feels also that the prosecution here has violated the spirit of Levin v. Katzenbach, 1966, 124 U.S.App.D.C. 158, 363 F.2d 287 and Giles v. Maryland, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737, which require the prosecution to disclose favorable evidence to the accused. Petitioner's view is that elimination of surprise is a logical extension of this doctrine.

The Wisconsin Supreme Court has considered the Spreigl rule and rejected it (Whitty v. State, 1967, 34 Wis.2d 278, 297–298, 149 N.W.2d 557) choosing to adopt instead the American Law Institute Model Code of Evidence, Rule 303 (34 Wis.2d 294, 149 N.W.2d):

Rule 303. Discretion of Judge to Exclude Admissible Evidence

(1) The judge may in his discretion exclude evidence if he finds that its probative value is outweighed by the risk that its admission will

(a) necessitate undue consumption of time, or

(b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or

(c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered.

We find no constitutional repugnance in the Wisconsin rule or its application in the case before us.

■ Petitioner contends that his constitutional rights were further invaded by admission of testimony from the victim's mother which he describes as obtained through an invalid arrest and highly prejudicial indentification procedures.

Petitioner sees his arrest as rendered invalid by State ex rel. White v. Simpson, 1965, 28 Wis.2d 590, 137 N.W.2d 391, which held that district attorneys were not competent to issue arrest warrants. The decision was handed down November 2, 1965. However, Petitioner was arrested on a complaint filed May 24, 1965, and this Court has held in Schmear v. Gagnon, 7 Cir., 1968, 396 F. 2d 786, cert. den. 395 U.S. 978, 89 S.Ct. 2125, 23 L.Ed.2d 767, that the rule applied prospectively only.

■ The victim's mother testified that two days after the offense, she was sitting with her daugher in the Safety Building and she saw the defendant, whom she did not then know, as he stepped off the elevator. She was asked what her daughter said at that time but was not allowed to answer as an objection to the question was sustained. There is nothing in the record to support the contention that an unnecessarily suggestive single line-up was contrived as criticized in Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199.

Although the Trial Judge refused to allow testimony that the victim spontaneously recognized Petitioner at the Safety Building, Petitioner argues that the Trial Judge, even in the absence of any request therefor, should have instructed the jury to disregard the entire line of questioning. Petitioner's line of reasoning is that he was thus shown to have been a prime suspect very early with the impression given the jury that the police had gathered significant evidence against him.

■ As a rule we will not review a failure to give instructions not requested of the Trial Judge. United States v. Schwartz, 7 Cir., 1968, 398 F.2d 464, 471, cert. den. sub nom. Pyne v. United States, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705. The Wisconsin Supreme Court in State v. Yancey, 1966, 32 Wis. 2d 104, 112, 145 N.W.2d 145, notes that requests for cautionary instructions are often a matter of trial strategy and that the trial court at risk of error should not be required to give such instructions *sua sponte*. We do not see in this case such exceptional circumstances as to justify departure from the general rule.

We have considered all the authorities cited by Petitioner-Appellant and have weighed all his arguments. We are satisfied that the decision of the District Court should be affirmed.

Affirmed.