BAST, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–763–CR. Submitted on briefs January 31, 1979.—*
*Decided on February 27, 1979.*
(Also reported in 275 N.W.2d 682.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nadim Sahar,* assistant attorney general.

CONNOR T. HANSEN, J. The issue on appeal is whether the affidavit presented to HAROLD J. WOL-LENZIEN, County Judge, set forth sufficient facts to support a finding of probable cause for the issuance of a search warrant to seize exemplars of the defendant's head hair for comparison purposes with hair found in

the ski mask the assailant was wearing at the time of the attempted robbery.

The affidavit of the police officer set forth the following facts:

Doretta H. Mellum told the police that at approximately 11 p.m. on October 1, 1974, as she was arriving home, she was approached by a man wearing a brown suede waist-length jacket with knit cuffs and waist-band and a dark-colored ski mask. She asked him what he wanted and he answered, " 'I want money.' " She told him to take her purse and pushed it towards him. He did not attempt to take the purse but raised a long black club-like object, which he held in his right hand, over his head and moved his left arm toward her. She tried to break the glass door to her apartment building and told him to take her money. A dog began to bark and the man turned, struck a wrought-iron support beam of the porch and ran away.

Affiant further stated that a description of the man, received from the victim and relayed over the police radio, described him as white, approximately six feet tall, 180 pounds in weight and wearing a suede leather jacket and ski mask. At 11:28 p.m. officer David Lange observed Bast lying on a lawn near Miss Mellum's apartment building. Bast said he was there trying to decide whether to visit a girlfriend who lived in the area. Subsequent investigation showed that Bast knew this woman had moved from the area sometime previously. Bast further said he had been attacked and struck by a person wearing a suede jacket. He complained of pain but declined medical attention. Officer Lange noted there were no outward signs of injury. Bast fit the physical description of Miss Mellum's attacker but was not wearing a jacket even though weather conditions required one. Two other officers went to Bast's home and asked

his wife if he owned a brown suede jacket with knit cuffs and waistband. She admitted that he did.

A search of the area the following morning resulted in finding a brown suede jacket with knit cuffs and waistband, a dark ski mask and a black club. These items were found about one and one-half blocks from Miss Mellum's apartment and two blocks from the spot Bast was first observed. Miss Mellum was able to identify the jacket, mask and club as those used by her attacker. Brown human hair was found in the ski mask.

Based upon the foregoing information contained in the affidavit of the public officer, a search warrant was issued and subsequently executed. A microanalysis conducted by the state crime laboratory of the samples of the defendant's hair and the hair found in the ski mask and on the jacket determined this was an unusual and uncommon type of hair and that they were all consistent with one another as to color and texture.

The trial judge denied the motion of the defendant to suppress this evidence.

A search warrant may issue only on a finding of probable cause by a neutral and detached magistrate. *State v. Benoit,* 83 Wis.2d 389, 394, 265 N.W.2d 298 (1978).

In reviewing a challenge to the issuance of a search warrant this court must determine whether the magistrate was apprised of sufficient facts to excite an honest belief in a reasonable mind that the object sought is linked with the commission of a crime. *State v. Starke,* 81 Wis.2d 399, 408, 260 N.W.2d 739 (1978). The magistrate's finding must stand unless the proof is clearly insufficient. *Morales v. State,* 44 Wis.2d 96, 101, 102, 170 N.W.2d 684 (1969). This review is necessarily limited to the facts before the magistrate. *Starke, supra.*

The evidence necessary for a finding of probable cause is less than that required at a preliminary examination or for a conviction. *Benoit, supra,* at 394. Although the finding cannot be based on the affiant's suspicions and conclusions, the magistrate may make the usual inferences reasonable persons would draw from the facts presented. *Starke, supra,* at 409. *State ex rel. White v. Simpson,* 28 Wis.2d 590, 594, 137 N.W.2d 391 (1965).

In discussing probable cause to arrest in *State v. Paszek,* 50 Wis.2d 619, 625, 184 N.W.2d 836 (1971), this court quoted the following definition from *Draper v. United States,* 358 U.S. 307, 313 (1959):

" 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' . . ."

In the instant case the magistrate was shown clearly that a crime had been committed and that the evidence included hair found in the ski mask. The only question was whether Bast was linked to the crime with sufficient probability to justify taking a sample of his hair. The magistrate was informed that Bast was found near the scene of the crime within half an hour after its commission. His physical description corresponded with that of the robber. His wife said he owned a coat of the type the robber was wearing. He was not wearing a coat when found although weather conditions suggested the need for one. The coat worn by the robber was found near the scene of the crime and near the place where Bast was found. Bast said he had been struck by a man wearing a suede coat, but he did not appear to be injured and declined medical treatment. Even without the assertion that the woman Bast said he was going to visit no longer lived in the area, the affidavit con-

tains sufficient information to support a finding of probable cause for the issuance of a search warrant.

The defendant challenges the assertion that Bast's girlfriend no longer lived in the area as being unsupported by any showing that it came from a reliable source. The assertions in an affidavit seeking a search warrant may be based on hearsay provided the affiant indicates that the informant is credible and reliable. *State v. Beal,* 40 Wis.2d 607, 614, 162 N.W.2d 640 (1968). The assertion challenged here begins, "[a]ffiant's investigation in this matter further showed. . ." This suggests that the affiant personally satisfied himself that the woman referred to lived elsewhere for sometime previous to the night of the crime. However, this determination would have to be based on some other source of information. Likewise the statement that Bast knew she had moved appears to be hearsay. These assertions should have been supported by a formal statement that the source of this information was reliable and credible. However, disregarding these assertions, the affidavit is sufficient to support a finding of probable cause. Even if the statement of the defendant that he was in the neighborhood to visit a friend were not discredited, that would not preclude his involvement in a crime.

The defendant also contends that the trial court applied the wrong standard of review when considering the contents of the affidavit at the hearing on his motion to suppress the evidence. The defendant argues that the trial court sustained the issuance of the search warrant merely because another judge had issued it. We do not so read the record. In our opinion the statements and findings of the trial court reflect that he denied the motion to suppress the evidence because he found the affidavit set forth sufficient facts to support the issuance of the search warrant.

The defendant further objects, based on *Aguilar v. Texas*, 378 U.S. 108 (1964), to the remarks of the trial court that conclusory assertions could be considered. Conclusions of the affiant set forth in the affidavit cannot be considered as a basis for the issuance of a search warrant. *Simpson, supra.* However, the defendant fails to point out any objectionable conclusions set forth in the supporting affidavit and we find none. Further the type of conclusion referred to in *Aguilar* is the conclusion of the affiant that the suspect committed the crime. The affidavit here under consideration contains no such conclusory statement.

On appeal the state advances the further argument that a search warrant was not necessary in order to seize an exemplar of the defendant's head hair. This argument is predicated upon the assertion that no fourth amendment rights are implicated in such a seizure and therefore a search warrant is not necessary.

In the case before us there was a valid search warrant. Therefore we need not here decide under what circumstances a search warrant will be required and in what situations such a seizure can be made without a search warrant.

*By the Court.*—Judgment and order affirmed.

CALLOW, J., took no part.