LINDA REIVITZ, Secretary Department of Health and SocialServices
Your predecessor inquired as to the responsibility of a federally funded or federally assisted drug treatment facility to maintain the confidentiality of drug treatment records when a state law enforcement officer enters the premises of the facility with a search warrant, an arrest warrant or a subpoena for documents.
It is my opinion that, prior to releasing patient records, the facility must first ascertain that the court has made a finding of "good cause" within the meaning of 21 U.S.C. § 1175 (b)(2)(C) in order to avoid the possibility of a fine under 21 U.S.C. § 1175 (f). *Page 13 
21 U.S.C. § 1175 provides, in part, that:
 (a) Records[1] of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.
(b) . . .
 (2) Whether or not the patient, with respect to whom any given record referred to in subsection (a) of this section is maintained, gives his written consent, the content of such record may be disclosed as follows:
. . . .
 (C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.
. . . .
 (f) Any person who violates any provision of this section or any regulation issued pursuant to this section shall be fined not more than $500 in the case of a first offense, and not more than $5,000 in the case of each subsequent offense.
In Wisconsin, arrest warrants, search warrants and subpoenas are issued by a judge of a court of competent jurisdiction upon a finding of probable cause. Secs. 968.04, 968.12 and 968.135, Stats. A probable cause finding may be made where there is legitimate reason to *Page 14 
of a crime. See Bast v. State, 87 Wis.2d 689, 692-93,275 N.W.2d 682 (1979).
The term "good cause" in 21 U.S.C. § 1175 must be strictly construed so as to avoid the unnecessary disclosure of patient records or patient identity:
 The conferees wish to stress their conviction that the strictest adherence to the provisions of this section is absolutely essential to the success of all drug abuse prevention programs. Every patient and former patient must be assured that his right to privacy will be protected. Without that assurance, fear of public disclosure of drug abuse or of records that will attach for life will discourage thousands from seeking the treatment they must have if this tragic national problem is to be overcome.
 Every person having control over or access to patients' records must understand that disclosure is permitted only under the circumstances and conditions set forth in this section. Records are not to be made available to investigators for the purpose of law enforcement or for any other private or public purpose or in any manner not specified in this section.
[1972] U.S. Code Cong. Ad. News 2072. Under a strict construction of 21 U.S.C. § 1175 (b)(2)(C), a finding of "good cause" is a finding that "the public interest and the need for disclosure" outweighs "the injury to the patient, to the physician-patient relationship and to the treatment services."See United States v. Hopper, 440 F. Supp. 1208, 1210 (N.D. Ill. 1977).[2] "Probable cause" under state law is therefore not synonymous with "good cause" under federal law.
Since records may not be released unless a court has made a determination of good cause, any employe requested to reveal information should ask the arresting officer whether such a finding has been made. If the finding does not appear on the face of the court order and the law enforcement officer has no knowledge of whether the finding has been made, the judge or the prosecutor who secured the *Page 15 
warrant or subpoena should be contacted to determine whether a good cause determination was made.[3] If no evidence is presented that a finding of good cause was made, the law enforcement officer should be informed that federal law precludes the release of the information sought.
It has been suggested that the refusal to release such information under these circumstances would constitute a criminal offense under section 946.40 or 946.41, Stats. The pertinent portions of those statutory provisions are as follows:
 946.40 Refusing to aid officer. (1) Whoever, without reasonable excuse, refuses or fails, upon command, to aid any person known by the person to be a peace officer is guilty of a Class C misdemeanor.
 (2) This section does not apply if under the circumstances the officer was not authorized to command such assistance.
 946.41 Resisting or obstructing officer. (1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor.
"Statutes which appear to be repugnant or allegedly inconsistent are to be accorded a concurrent effect if by a fair interpretation a reasonable field of operation for both can be found without destroying or perverting their evident meaning and intent . . . ." White, 363 A.2d at 149. Moreover, penal statutes are to be strictly construed. Donaldson v. State, 93 Wis.2d 306,286 N.W.2d 817 (1980).
I construe the italicized portions of sections 946.40 and946.41 as precluding successful prosecution in situations where a warrant or subpoena has been obtained without complying with applicable federal law. In the situation which you pose there is no violation of section 946.40 or 946.41 unless a finding of good cause was made prior to the issuance of the warrant or subpoena and the drug treatment facility receives evidence that such a finding has been made. Such a construction gives both the state and federal statutes a reasonable field of operation and avoids the need to determine whether *Page 16 
the supremacy clause of the United States Constitution precludes the state from enacting criminal statutes which are arguably in conflict with 21 U.S.C. § 1175.
In making the foregoing analysis, I have purposely avoided any strong reliance upon the federal regulations promulgated pursuant to 21 U.S.C. § 1175. Although 42 C.F.R. § 2.14 (1981) provides for fines against "[a]ny person who violates any provision of the authorizing legislation or any provision of this part," that regulation is "included . . . for convenience and completeness." 42 C.F.R. § 2.14-1 (a) (1981). I construe 21 U.S.C § 1175(f) and 42 C.F.R. § 2.14 (a) (1981) as applying only to violations of substantive regulations issued pursuant to 21 U.S.C. § 1175.
The essential difference between substantive and interpretive regulations was described in State v. Amoco Oil Co.,97 Wis.2d 226, 241, 293 N.W.2d 487 (1980): "Substantive rules implement the statutes and have the force and effect of law, but interpretive rules apprise the public of the agency's construction of the statute. Davis, Administrative Law 126 (3d ed. 1972)." In general, a rule is interpretive "if it is not made under statutory authority to make rules having the force of law or if the agency intends the rule to be no more than an expression of its construction of a statute or rule." Chamber of Commerce ofUnited States v. O.S.H.A., 636 F.2d 464, 469 (D.C. Cir. 1980). An interpretive rule may have some persuasive weight, but does not have binding effect. General Elec. Co. v. Gilbert, 429 U.S. 125,141 (1976); Swanson v. Health Social Services Dept.,105 Wis.2d 78, 88, 312 N.W.2d 833 (Ct.App. 1981).
42 C.F.R. Part 2, appears to be a revision of and an expansion upon previous regulations issued by the Special Action Office for Drug Abuse Prevention. See 37 Fed. Reg. 24636 (1972). The new regulations expressly recognize that the former regulations were "interpretative." 42 C.F.R. §§ 2.3, 2.11(q) (1981). There is no suggestion that any of the new regulations are substantive:
 Each section setting forth rules on any given topic of this part is followed by a section setting forth their basis and purpose. In many cases, the basis and purpose section is itself an interpretative rule regarding the legal authority of the rulemakers. In other instances, it summarizes historical or evidentiary material relevant *Page 17 
to the validity and interpretation of the section which precedes it.
42 C.F.R. § 2.5 (a) (1981). This passage suggests that all the regulations, including those containing a statement of basis and purpose, are interpretive in nature. Also see
42 C.F.R. § 2.61-1(a) (1981).
The regulations concerning court orders are contained in42 C.F.R. Part 2, Subpart E. These regulations indicate that notice should be given to the patient and the drug treatment facility when an application for a court order is made.42 C.F.R. §§ 2.64 (b), 2.65 (b) (1981). Such notice would alleviate any disclosure problems which might be faced by a drug treatment facility. Since I do not construe these regulations as substantive however, I merely conclude that the facility must ascertain that a finding of good cause has been made in order to avoid the possibility of a fine. If there is no evidence of such a finding, no state criminal law is violated by refusing to release drug treatment records.
BCL: FTC
[1] In the absence of a controlling court decision construing the term "records," I rely upon the definition contained in the interpretive regulation, 42 C.F.R. § 2.11
(o) (1981). I do not believe, however, that a statement that a person is present or absent from the premises constitutes the disclosure of a "record." See State v. White, 169 Conn. 223,363 A.2d 143, 150, cert. denied, 423 U.S 1025 (1975).
[2] See also United States v. Graham, 548 F.2d 1302 1314 (8th Cir. 1977), Bell v. State 385 So.2d 78, 80-81 (Ala.Crim.App. 1980); People v. Newman, 32 N.Y.2d 379, 298 N.E.2d 651 (1973),cert. denied, 414 U.S. 1163 (1974).
[3] Where a subpoena is issued under section 968.135 Stats., and evidence of good cause is lacking, potential liability can be avoided by filing a motion to quash pursuant to that statute. See
12 C.F.R. § 2.65(e) (1981).